UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
AMERICAN INSURANCE COMPANY                **ANSWER**
a/s/o Mariah Carey, 777 San Marin Drive
Novato, California 94998,

                                    Plaintiff,

                 -against-

CORN ASSOCIATES LLC
86 Chambers Street, Suite 704
New York, New York 10007                            Docket No.: 07 CIV 8604

                        and

THE FRANKLIN TOWER CONDOMINIUM
380 Lexington Avenue
New York, NY 10168

                        and

KATZ METAL FABRICATORS INC.
434 E. 165th St.
Bronx, New York 10456

                        and

OLYMPIC PLUMBING AND HEATING
III CORP.
233-08 Linden Boulevard
Cambria Heights, New York 11411

                        and

SAMCO PLUMBING, INC.,
36-20 13th Street
Long Island City, New York 11106

                                   Defendants.
-------------------------------------------------------------x

Defendant, KATZ METAL FABRICATORS, INC., by and through the law firm of MURPHY & HIGGINS, LLP, as and for an Answer to plaintiff's Complaint, alleges the following upon information and belief:

### ANSWERING ALLEGATIONS CONCERNING "PARTIES"

1. DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in paragraphs designated "1", "2", "3", "4", "5", "6", "7", "8", "9", "13", "14", "15", "16", "17", and "18", and refers all questions of law to the Honorable Court.

2. ADMITS the allegations contained in paragraphs designated "10" and "11".

3. Upon information and belief, DENIES each and every allegation contained in paragraph designated "12" and refers all questions of law to the Honorable Court.

### ANSWERING THE CLAIM OF JURISDICTION

4. Upon information and belief, DENIES each and every allegation contained in paragraph designated "19", and refers all questions of law to the Honorable Court.

5. DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in paragraph designated "20", and refers all questions of law to the Honorable Court.

### ANSWERING THE "GENERAL ALLEGATIONS"

6. Responding to the allegations contained within paragraph designated "21", the

answering defendant repeats, reiterates and realleges each and every response previously made.

7. DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in paragraphs designated "22", "23", "24", "25", and "26", and refers all questions of law to the Honorable Court.

### ANSWERING COUNT I - NEGLIGENCE

8. Responding to the allegations contained within paragraph designated "27", the answering defendant repeats, reiterates and realleges each and every response previously made.

9. DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in paragraphs designated "28", and "29", and refers all questions of law to the Honorable Court.

### ANSWERING COUNT II - NEGLIGENCE

10. Responding to the allegations contained within paragraph designated "30", the answering defendant repeats, reiterates and realleges each and every response previously made.

11. DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in paragraphs designated "31", and "32", and refers all questions of law to the Honorable Court.

## ANSWERING COUNT III - NEGLIGENCE

12. Responding to the allegations contained within paragraph designated "33", the answering defendant repeats, reiterates and realleges each and every response previously made.

13. Upon information and belief, DENIES each and every allegation contained within paragraph designated "34", and refers all questions of law to the Honorable Court.

## AS AND FOR A FIRST AND COMPLETE AFFIRMATIVE DEFENSE

Upon information and belief, that the injury or injuries, if any, sustained by the plaintiff at the time and place, or on the occasion referred to in the plaintiff's Complaint, were sustained or so suffered or caused, in whole or in part, by the negligent act or acts of the plaintiff and the damages recoverable by plaintiff, if any, shall be diminished in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the damages.

Upon information and belief, this defendant is free from any negligence and in no way contributed to the occurrence and injuries referred to in the plaintiff's Complaint.

## AS AND FOR A SECOND AND COMPLETE AFFIRMATIVE DEFENSE

The respective liability of this answering defendant, if any, is controlled by the operation of applicable sections of Article 16 of the Civil Practice Law and Rules.

### AS AND FOR A THIRD AND COMPLETE
### AFFIRMATIVE DEFENSE

Upon information and belief, the plaintiff has failed to mitigate damages and may not recover for those claims found to have been excessive, avoidable, preventable or unrelated to the true damage sustained.

### AS AND FOR A FOURTH AND COMPLETE
### AFFIRMATIVE DEFENSE

All claims alleged in the plaintiff's Complaint against this defendant are barred by virtue of the expiration of the applicable statute of limitations.

### AS AND FOR A FIFTH AND COMPLETE
### AFFIRMATIVE DEFENSE

The plaintiff has failed to name all necessary parties and the Court should not proceed in their absence.

### AS AND FOR A CROSS-CLAIM AGAINST
### CORN ASSOCIATES LLC,
### THE FRANKLIN TOWER CONDOMINIUM,
### OLYMPIC PLUMBING AND HEATING, and
### SAMCO PLUMBING, INC.

THAT if the answering defendant is adjudged liable to plaintiff herein upon the facts or by operation of law, then such liability will have come about either wholly and solely by reason of the negligence of the co-defendants above named, or the greater responsibility for the injuries and damages sustained by the plaintiff will be that of the co-defendants above named, and that by reason of the foregoing, the answering defendant demands that

the Court, on the trial hereof, either grant judgment over in favor of the answering defendant and against the co-defendants for the amount of any judgment rendered herein, or to apportion the responsibility in negligence, if any, between the parties.

THAT in the event the answering defendant is held liable to the plaintiff herein, then the answering defendant demands judgment against the co-defendants for such amount as he, she or they may be required to pay the plaintiff over and above his, her or their proportionate share as may be determined by the apportionment of responsibility as adjudged herein.

WHEREFORE, the answering defendant demands judgment dismissing the Complaint herein and further demands that the Court apportion the responsibility, if any, between the defendants and further demands judgment over and against the co-defendants, above named, for the amount of any sums paid to plaintiff over and above his, her or their proportionate share of any judgment as determined by the apportionment of responsibility adjudged herein, together with the costs and disbursements of this action.

Dated: New Rochelle, NY
      December 19, 2007

Yours, etc.

MURPHY & HIGGINS, LLP

By: _____
DANIEL M. SCHIAVETTA, JR.   (DS 0319)
Attorneys for Defendant
KATZ METAL FABRICATORS INC.
1 Radisson Plaza, 9th Fl.
New Rochelle, NY   10801
(914) 712-1100

TO: ROBERT W. PHELEN (RP-3825)
COZEN O'CONNOR
Attorneys for Plaintiff
45 Broadway Atrium, 16th Fl.
New York, NY   10006
(212) 509-9400

TO: OF COUNSEL
MARK OPALISKY, ESQ.
KATHLEEN LOUGHHEAD, ESQ.
COZEN O'CONNOR
1900 Market St.
Philadelphia, PA   19103
(215) 665-2000

TO: CORN ASSOCIATES, LLC
Defendant
86 Chambers St., Suite 704
New York, NY   10007

TO: THE FRANKLIN TOWER CONDOMINIUM
Defendant
380 Lexington Ave.
New York, NY   10168

TO: SAMCO PLUMBING, INC.
Defendant
36-20 13TH Street
Long Island City, NY   11196