UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————X
AMERICAN INSURANCE COMPANY a/s/o            Case No.: 07-CIV 8604
MARIAH CAREY,

                Plaintiff,

        - against -                                           **ANSWER**

CORN ASSOCIATES, LLC, THE FRANKLIN TOWER
CONDOMINIUM, KATZ METAL FABRICATORS, INC.,
OLYMPIC PLUMBING AND HEATING III CORP.,
And SAMCO PLUMBING, INC.,

                Defendants.
————————————————————————X

      Defendant THE FRANKLIN TOWER CONDOMINIUM (hereinafter "FRANKLIN TOWER") by its attorneys, WHITE, FLEISCHNER & FINO, LLP, for its Answer to the Complaint, states upon information and belief as follows:

## PARTIES

    1.    Denies knowledge or information sufficient to form a belief as to the truth of paragraph "1" of the Complaint.

    2.    Denies knowledge or information sufficient to form a belief as to the truth of paragraph "2" of the Complaint.

    3.    Denies each and every allegation in paragraph "3" of the Complaint except admits that Mariah Carey owned a residential unit or units on the 16th and 17th floors of the Franklin Tower Condominium.

    4.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "4" of the Complaint.

    5.    Admits the allegations of paragraph "5" of the Complaint.

6. Denies each and every allegation in paragraph "6" of the Complaint except admits that FRANKLIN TOWER owned the common elements of the building known as Franklin Tower, located at 90 Franklin Street, New York, New York.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "7" of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "8" of the Complaint.

9. Denies each and every allegation in paragraph "9" of the Complaint except admits that Corn Associates and possibly others rehabilitated an existing building at 90 Franklin Street, New York, New York and converted it to primarily residential use.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "10" of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "11" of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "12" of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "13" of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "14" of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "15" of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "16" of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "17" of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "18" of the Complaint.

## JURISDICTION

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "19" of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "20" of the Complaint.

## GENERAL ALLEGATIONS

21. FRANKLIN TOWER repeats and realleges each of its responses to allegations in paragraphs "1" through "20" of the Complaint to the extent those allegations are repeated and realleged in paragraph "21" of the Complaint as if those responses were set in full at this place in this answer.

22. Denies each and every allegation in paragraph "22" of the Complaint except admits that water leaked into the Carey Condominium on or about April 2, 2005.

23. Denies each and every allegation in paragraph "23" of the Complaint except admits that water leaked into the Carey Condominium on or about April 2, 2005.

24. Denies each and every allegation in paragraph "24" of the Complaint except admits that water leaked into the Carey Condominium on or about April 2, 2005.

25. Denies each and every allegation in paragraph "25" of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "26" of the Complaint and begs leave to refer all questions of law to the Court.

### COUNT I

27. FRANKLIN TOWER repeats and realleges each of its responses to allegations in paragraphs "1" through "26" of the Complaint to the extent those allegations are repeated and realleged in paragraph "27" of the Complaint as if those responses were set in full at this place in this answer.

28. Denies each and every allegation in paragraph "28" of the Complaint.

29. Denies each and every allegation in paragraph "29" of the Complaint.

### COUNT II

30. FRANKLIN TOWER repeats and realleges each of its responses to allegations in paragraphs "1" through "29" of the Complaint to the extent those allegations are repeated and realleged in paragraph "30" of the Complaint as if those responses were set in full at this place in this answer.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "31" of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "32" of the Complaint.

### COUNT III

33. FRANKLIN TOWER repeats and realleges each of its responses to allegations in paragraphs "1" through "32" of the Complaint to the extent those allegations

are repeated and realleged in paragraph "33" of the Complaint as if those responses were set in full at this place in this answer.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "34" of the Complaint.

### AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

35. All or part of plaintiff's claim is barred by the doctrine of accord and satisfaction.

### AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

36. The defendant, FRANKLIN TOWER, not being fully advised as to all the facts and circumstances surrounding the incident complained of, hereby assert and reserve unto themselves the defenses of arbitration and award, assumption of risk, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, payment, release, *res judicata*, statute of frauds, waiver, and any other matter constituting an avoidance or affirmative defense which the further investigation of this matter may prove applicable herein.

### AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

Plaintiff's payment to Mariah Carey was voluntary and gratuitous.

### AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE

37. Any damages sustained by the plaintiff / plaintiff's subrogor were caused by the culpable conduct of the plaintiff / plaintiff's subrogor, including contributory negligence, breach of contract and failure to mitigate damages and not by the culpable conduct or negligence of these answering defendants. But if a verdict of judgment is awarded to plaintiff, then and in that event the damages shall be reduced in the proportion which the

culpable conduct attributable to the plaintiff / plaintiff's subrogor bears to the culpable conduct which caused the damages.

## AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE

38.  The plaintiff / subrogor failed to maintain adequate insurance on its premises and, therefore, any recovery herein is limited by the application and terms of the co-insurance clause contained in the policy of insurance alleged in the Complaint.

## AS AND FOR THE SIXTH AFFIRMATIVE DEFENSE

39.  Whatever injuries and/or damages sustained by the plaintiff / plaintiff's subrogor at the time and place alleged in the complaint, were due to the acts of parties over whom the defendants were not obligated to exercise control or supervision.

## AS AND FOR THE SEVENTH AFFIRMATIVE DEFENSE

40.  The Defendant is not liable for the plaintiff / plaintiff's subrogor's damages because they were the result of an ACT OF GOD.

## AS AND FOR THE EIGHTH AFFIRMATIVE DEFENSE

41.  The Defendant is not liable for the plaintiff / plaintiff's subrogor's damages pursuant to the following By-Laws provisions:

> ***Section 2: Insurance 9.*** *. . . Each Unit Owner may carry supplemental or additional insurance for his own benefit, provided that all such policies shall contain waivers of subrogation, and further provided that the liability of the carriers issuing insurance obtained by the Board of Managers shall not be affected or diminished by reason of any such supplemental or additional insurance.*
>
> and

> ***Schedule A of the By-Laws, Paragraph 21.9*** *. . . Each Unit Owner may carry other insurance for his own benefit, provided that all such policies shall contain waivers of subrogation, and further provided that the liability of the carriers issuing insurance obtained by the Board of Managers shall not be affected or diminished by reason of any such additional insurance carried by such Unit Owner.*

### AS AND FOR THE NINTH AFFIRMATIVE DEFENSE

42.  The Defendant is not liable for the plaintiff / plaintiff's subrogor's damages because Section 3 of the By-Laws provide that Unit Owners are themselves responsible for the repair of any machinery, appliances, furniture, furnishings (including wall, ceiling and floor decorations and coverings), fixtures or equipment in the Units and for the repair or replacement of property such as that claimed by Plaintiff.

### AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANTS CORN ASSOCIATES, LLC, KATZ METAL FABRICATORS, INC., OLYMPIC PLUMBING AND HEATING III CORP. and SAMCO PLUMBING, INC.

43.  That if plaintiff was caused to sustain damages by reason of the claims set forth in the complaint, all of which are specifically denied, such damages were sustained by reason of the acts, conduct, misfeasance or nonfeasance, of co-defendants, CORN ASSOCIATES, LLC, KATZ METAL FABRICATORS, INC., OLYMPIC PLUMBING AND HEATING III CORP. and SAMCO PLUMBING, INC., its agents, servants and/or employees, and not by this answering defendant, THE FRANKLIN TOWER CONDOMINIUM, and if any judgment is recovered by plaintiff against this answering defendant, such defendant will be damaged thereby, and co-defendants, CORN ASSOCIATES, LLC, KATZ METAL FABRICATORS, INC., OLYMPIC PLUMBING AND HEATING III CORP. and SAMCO PLUMBING, INC., are or will be responsible therefore in whole or in part.

### AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANTS CORN ASSOCIATES, LLC, KATZ METAL FABRICATORS, INC., OLYMPIC PLUMBING AND HEATING III CORP. and SAMCO PLUMBING, INC.

44. That if plaintiff was caused to sustain damages by reason of the claims set forth in the complaint, all of which are specifically denied, and if any judgment is recovered by the plaintiff against this answering defendant, THE FRANKLIN TOWER CONDOMINIUM, that under a contract entered into between the parties or by reason of express or implied warranty, the co-defendants, CORN ASSOCIATES, LLC, KATZ METAL FABRICATORS, INC., OLYMPIC PLUMBING AND HEATING III CORP. and SAMCO PLUMBING, INC., will be liable over to this answering defendant pursuant to the terms of the indemnity agreement in said contract or warranty, for the full amount of any verdict or judgment awarded to the plaintiff/subrogor against this answering defendant, together with attorneys fees, costs and disbursements.

WHEREFORE, defendant, THE FRANKLIN TOWER CONDOMINIUM, demands judgment dismissing the Complaint together with its costs and disbursements in this action.

Dated: New York, New York
December 28, 2007

Yours, etc.,

WHITE FLEISCHNER & FINO, LLP

By: _____
Jared T. Greisman (JG-6983)
Attorneys for Defendant
The Franklin Tower Condominium
61 Broadway - 18th Floor
New York, New York 10006
(212) 487-9700
Our File No.: 179-13150-PAF/JTG