UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

AMERICAN INSURANCE COMPANY                          **ANSWER TO  SECOND**
a/s/o Mariah Carey, 777 San Marin Drive             **AMENDED  COMPLAINT**
Novato, California 94998,

                                    Plaintiff,

                    -against-


CORN ASSOCIATES LLC
86 Chambers Street, Suite 704
New York, New York 10007                            Docket No.:  07 CIV 8604

                    and

THE FRANKLIN TOWER CONDOMINIUM
380 Lexington Avenue
New York, NY 10168

                    and

KATZ METAL FABRICATORS INC.
434 E. 165th St.
Bronx, New York 10456

                    and

SAMCO PLUMBING, INC.,
36-20 13th Street
Long Island City, New York 11106

                                    Defendants.
-------------------------------------------------------------x


        Defendant, KATZ METAL FABRICATORS, INC., by and through the law firm of

MURPHY & HIGGINS,  LLP, as and for an Answer to plaintiff's Second Amended Complaint,

alleges the following upon information and belief:

## PARTIES

_____1.  DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in paragraphs designated "1", "2", "3", "4", "5", "6", "7", "8", "9", "10", "11", "15", "16", and "17", and refers all questions of law to the Honorable Court.

2.  Upon information and belief, DENIES each and every allegation contained in paragraph designated "14" and refers all questions of law to the Honorable Court.

## JURISDICTION

_____3.  Upon information and belief, DENIES each and every allegation contained in paragraph designated "18",  and refers all questions of law to the Honorable Court.

4.  DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in paragraph designated "19", and refers all questions of law to the Honorable Court.

## GENERAL ALLEGATIONS

_____5.  Responding to the allegations contained within paragraph designated "20", the answering   defendant repeats, reiterates and realleges each and every   response previously made.

6.  DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in paragraphs designated "21", "22", "23", "24", "25",  "26", "27",

"28", "29", "30", "31", and "32" and refers all questions of law to the Honorable Court.

## COUNT I

7.  Responding to the allegations contained within paragraph designated "33", the answering   defendant repeats, reiterates and realleges each and every   response previously made.

8.  DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in paragraphs designated "34", and "35", and refers all questions of law to the Honorable Court.

## COUNT II

9.  Responding to the allegations contained within paragraph designated "36", the answering   defendant repeats, reiterates and realleges each and every   response previously made.

10.  DENIES KNOWLEDGE OR INFORMATION SUFFICIENT TO FORM A BELIEF as to the allegations contained in paragraphs designated "37", and "38",  and refers all questions of law to the Honorable Court.

## COUNT III

11.  Responding to the allegations contained within paragraph designated "39", the answering   defendant repeats, reiterates and realleges each and every   response

previously made.

12.   Upon information and belief,  DENIES each and every allegation contained within paragraph designated "40", and refers all questions of law to the Honorable Court.

## AS AND FOR A FIRST AND COMPLETE
## AFFIRMATIVE DEFENSE

Upon information and belief, that the damages, if any, sustained by the plaintiff at the time and place, or on the occasion referred to in the plaintiffs' Second Amended Complaint, were sustained or so suffered or caused, in whole or in part, by the negligent act or acts of the plaintiffs and the damages recoverable by plaintiffs, if any, shall be diminished in the proportion which the culpable conduct attributable to the plaintiffs bears to the culpable conduct which caused the damages.

Upon information and belief, this defendant is free from any negligence and in no way contributed to the occurrence and injuries referred to in the plaintiffs' Second Amended Complaint.

## AS AND FOR A SECOND AND COMPLETE
## AFFIRMATIVE DEFENSE

The respective liability of this answering defendant, if any, is controlled by the operation of applicable sections of Article 16 of the Civil Practice Law and Rules.

4

### AS AND FOR A THIRD AND COMPLETE
### AFFIRMATIVE DEFENSE

Upon information and belief, the plaintiffs have failed to mitigate damages and may not recover for those claims found to have been excessive, avoidable, preventable or unrelated to the true damage sustained.

### AS AND FOR A FOURTH AND COMPLETE
### AFFIRMATIVE DEFENSE

_____All claims alleged in the plaintiffs'  Second Amended Complaint against this defendant are barred by virtue of the expiration of the applicable statute of limitations.

### AS AND FOR A FIFTH AND COMPLETE
### AFFIRMATIVE DEFENSE

_____The plaintiffs have failed to name all necessary parties and the Court should not proceed in their absence.

### AS AND FOR A CROSS-CLAIM AGAINST
### CORN  ASSOCIATES  LLC,
### THE  FRANKLIN  TOWER  CONDOMINIUM,
### and  SAMCO  PLUMBING, INC.

_____THAT if the answering defendant is adjudged liable to plaintiff herein upon the facts or by operation of law, then such liability will have come about either wholly and solely by reason of the negligence of the co-defendants above named, or the greater responsibility for the injuries and damages sustained by the plaintiffs will be that of the co-defendants above named, and that by reason of the foregoing, the answering defendant demands that

the Court, on the trial hereof, either grant judgment over in favor of the answering defendant and against the co-defendants for the amount of any judgment rendered herein, or to apportion the responsibility in negligence, if any, between the parties.

THAT in the event the answering defendant is held liable to the plaintiff herein, then the answering defendant demands judgment against the co-defendants for such amount as he, she or they may be required to pay the plaintiffs over and above his, her or their proportionate share as may be determined by the apportionment of responsibility as adjudged herein.

WHEREFORE, the answering defendant demands judgment dismissing the Second Amended Complaint herein and further demands that the Court apportion the responsibility, if any, between the defendants and further demands judgment over and against the co-defendants, above named, for the amount of any sums paid to plaintiffs over and above his, her or their proportionate share of any judgment as determined by the apportionment of responsibility adjudged herein, together with the costs and disbursements of this action.

Dated: New Rochelle, NY
     April 16, 2008

                            Yours, etc.

                            MURPHY & HIGGINS, LLP

                    By:   _____
                           DANIEL M. SCHIAVETTA, JR.   (DS 0319)
                           Attorneys for Defendant
                           KATZ METAL FABRICATORS INC.
                           1 Radisson Plaza, 9th Fl.

New Rochelle, NY   10801
(914) 712-1100

TO:   ROBERT W. PHELEN (RP-3825)
      COZEN O'CONNOR
      Attorneys for Plaintiff
      45 Broadway Atrium, 16th Fl.
      New York, NY   10006
      (212) 509-9400

TO:   OF COUNSEL
      MARK OPALISKY, ESQ.
      KATHLEEN LOUGHHEAD, ESQ.
      COZEN O'CONNOR
      1900 Market St.
      Philadelphia, PA   19103
      (215) 665-2000

TO:   CORN ASSOCIATES, LLC
      Defendant
      86 Chambers St., Suite 704
      New York, NY   10007

TO:   WHITE,  FLEISCHNER & FINO
      Attorneys for Defendant FRANKLIN TOWER CONDOMINIUM
      61 Broadway
      New York, NY   10006
      (212) 487-9700

TO:   SAMCO PLUMBING, INC.
      Defendant
      36-20 13TH Street
      Long Island City, NY   11196

7