UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
AMERICAN INSURANCE COMPANY
a/s/o Mariah Carey, and SINCLAIR C.S.
BEECHAM,

                      Plaintiff,

    -against-

CORN ASSOCIATES LLC, THE FRANKLIN TOWER    Docket No.: 07 CIV 8604
CONDOMINIUM, KATZ METAL FABRICATORS, INC.               (WHP)(AJP)
OLYMPIC PLUMBING AND HEATING III CORP.,
and SAMCO PLUMBING, INC.,

                      Defendants.
-----------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
## OF DEFENDANT, KATZ METAL FABRICATORS

MURPHY & HIGGINS, LLP
Attorneys for Defendant
KATZ METAL FABRICATORS
1 Radisson Plaza, 9th FL.
New Rochelle, NY  10801
(914) 712-1100

On the Brief:
RICHARD S. KAYE, ESQ.
(RSK-8726)

## TABLE OF AUTHORITIES

### STATUTES

|  | Page |
|---|---|
| Federal Rules of Civil Procedure, Rule 6(a) | 3 |
| New York Civil Practice Law and Rules, Section 214(4) | 3 |

### CASES

| | |
|---|---|
| City School District of City of Newburgh v. Hugh Stubbins and Assoc., Inc., 85 N.Y.2d 535, 626 N.Y.S.2d 741 (1995) | 4 |
| Gelwicks v. Campbell, 257 A.D.2d 601, 684 N.Y.S.2d 264 (2nd Dept. 1999) | 4 |
| Manhattanville College v. James John Romeo Consulting Engineer, P.C., 5 A.D.3d 637, 774 N.Y.S.2d 542 (2nd Dept. 2004) | 5 |
| Rite Aid of NY, Inc. v. R.A. Real Estate Inc., 40 A.D.3d 474, 837 N.Y.S.2d 48 (1st Dept. 2007) | 5 |
| Walker v. Armco Steel Corp., 446 U.S. 740, 100 S.Ct. 1978 | 3 |
| Wiwa v. Royal Dutch Petroleum Co., 2002 WL 319887 (S.D.N.Y., 96 Civ. 8386) | 3 |

## QUESTION PRESENTED

Was this action timely commenced against the defendant, KATZ METAL FABRICATORS, INC.?

The answer is respectfully submitted to be "no".

## STATEMENT OF FACTS

This is a property damage subrogation action arising out of a water leak on April 2, 2005, at 90 Franklin Street, New York, NY, a/k/a Franklin Tower Condominium. AMERICAN INSURANCE COMPANY is the insurer of MARIAH CAREY and SINCLAIR C.S. BEECHAM, each of whom owned one or more condominium units in the subject premises. AMERICAN INSURANCE COMPANY allegedly paid its insureds for damages to their premises that resulted from the overflow of a water tank that was situated on the roof of the building.

Diversity of citizenship is alleged by virtue of the place of incorporation and principal place of business of AMERICAN INSURANCE COMPANY at 777 San Marin Drive, Novato, California. The several defendants are residents of the State of New York, with their principal places of business either in New York County, Bronx County, or Queens County.

## LEGAL ARGUMENT

### THE ACTION AGAINST KATZ METAL FABRICATORS, INC. WAS NOT COMMENCED WITHIN THE TIME PRESCRIBED BY STATUTE AND THE ACTION AGAINST KATZ METAL FABRICATORS, INC., SHOULD BE DISMISSED.

The statute of limitations for injury to property is prescribed in Section 214(4) of the Civil Practice Law and Rules. Simply stated, an action to recover damages for an injury to property must be commenced within three (3) years. When a federal cause of action has no specific period of limitations, federal courts will apply New York State's statute of limitations to determine the timeliness of an action such as this. Federal Rules of Civil Procedure, Rule 6(a); Walker v. Armco Steel Corp., 446 U.S. 740, 100 S.Ct. 1978; and

3

Wiwa v. Royal Dutch Petroleum Co., 2002 WL 319887 (SDNY 2002). The three year state statute of limitations should be applied, herein. This action, predicated upon claims of negligence, only, was commenced by the filing of the original Summons and Complaint on October 4, 2007, which means that any negligence on the part of KATZ METAL FABRICATORS would have had to have taken place on or after October 4, 2004, for this action to be timely. KATZ METAL FABRICATORS had no presence at the premises after October 4, 2004. Indeed, all work performed by KATZ METAL FABRICATORS at 90 Franklin Street, New York, NY, was last performed prior to August 28, 2000, when, by letter issued by 271 Church Street Construction Corp., the general contractor on the project, KATZ METAL FABRICATORS was discharged. In order for the instant action to be timely, any action against KATZ METAL FABRICATORS sounding in negligence had to have been commenced on or before August 28, 2003.

It is indisputed that KATZ METAL FABRICATORS performed no work at this project after August 28, 2000. (See Kubersky affidavit, Exhibit "F"). New York's highest court has held that in an action against a contractor, the accrual date for purposes of computing the statute of limitations is the completion of performance. City School District of City of Newburgh v. Hugh Stubbins and Associates, Inc., 85 N.Y.2d 535, 626 N.Y.S.2d 741 (1995). This rule of law has been applied, uniformly, in New York state courts since that Court of Appeals decision. In Gelwicks v. Campbell, 257 A.D.2d 601, 684 N.Y.S.2d 264 (2nd Dept., 1999), it was held that a negligence action against a professional engineer was time barred, it having been established that the engineer had certified the construction of a

septic system in December 1992, and where the action against him was not commenced until December 1997. In dismissing the plaintiff's contention that the claim arose as late as 1997, when the septic system failed and the damages first became apparent, the Court held:

> "The cause of action in this action accrued upon the completion of the defendant's work. In this case, that was no later than January 4, 1993, the date the certificate of construction compliance was countersigned."

In Manhattanville College v. James John Romeo Consulting Engineer, PC, 5 A.D.3d 637, 774 N.Y.S.2d 542 (2nd Dept., 2004), there was a reversal of the trial court's Order which had denied the motions of the respective defendants to dismiss the action as time barred. The plaintiff had commenced an action alleging that a boiler system had been defectively designed, installed and maintained. As to those claims, the Appellate Division held that the claims against the respective defendants for professional malpractice and negligent installation, "whether sounding in contract or in tort" accrued when the installation of the boiler system was completed which, pursuant to CPLR Section 214(4), was three years from the completion of installation.

In Rite Aid of NY, Inc. v. R.A. Real Estate Inc, 40 A.D.3d 474, 837 N.Y.S.2d 48 (1st Dept., 2007), it was held that a cause of action based upon defective construction accrues on the date when the "actual physical work" was completed.

There being no dispute but that KATZ METAL FABRICATORS last performed any work at the subject premises in August, 2000, any claim against it would be barred by New

5

York's three year statute of limitations in light of the fact that the instant action was not commenced until more than seven years elapsed since KATZ METAL FABRICATORS completed its work at the premises.

## CONCLUSION

The last work performed by KATZ METAL FABRICATORS at this site was in August, 2000. The action was commenced against KATZ METAL FABRICATORS on October 4, 2007, well beyond the three year statute of limitations for such actions. It matters not that KATZ METAL FABRICATORS was discharged from its engagement at the site; its "actual physical work" was last performed well more than three years before the filing that commenced the instant action. Accordingly, the action against KATZ METAL FABRICATORS should be dismissed as a matter of law.

Dated: New Rochelle, NY
      June 3, 2008

Yours, etc.

MURPHY & HIGGINS, LLP

By: _____
RICHARD S. KAYE (RSK-8726)
Attorneys for Defendant
KATZ METAL FABRICATORS INC.
1 Radisson Plaza, 9th Fl.
New Rochelle, NY   10801
(914) 712-1100