UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

AMERICAN INSURANCE COMPANY a/s/o
MARIAH CAREY and SINCLAIR C.S. BEECHAM,

     Plaintiff,

  - against -

CORN ASSOCIATES, LLC, THE FRANKLIN TOWER
CONDOMINIUM, KATZ METAL FABRICATORS, INC.,
OLYMPIC PLUMBING AND HEATING III CORP.,
And SAMCO PLUMBING, INC.,

     Defendants.

------------------------------------------------------------X

Case No.: 07-CIV 8604

**ANSWER TO
SECOND AMENDED
COMPLAINT**

RECEIVED
MAY - 6 2008

   Defendant THE FRANKLIN TOWER CONDOMINIUM (hereinafter "FRANKLIN TOWER") by its attorneys, WHITE, FLEISCHNER & FINO, LLP, for its Answer to the Amended Complaint, states upon information and belief as follows:

### PARTIES

   1.  Denies knowledge or information sufficient to form a belief as to the truth of paragraph "1" of the Complaint.

   2.  Denies knowledge or information sufficient to form a belief as to the truth of paragraph "2" of the Complaint.

   3.  Denies each and every allegation in paragraph "3" of the Complaint except admits that Mariah Carey owned a residential unit or units on the 16th and 17th floors of the Franklin Tower Condominium.

   4.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "4" of the Complaint.

5. Admits the allegations of paragraph "5" of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "6" of the Complaint.

7. Admits the allegations of paragraph "7" of the Complaint.

8. Denies each and every allegation in paragraph "8" of the Complaint except admits that FRANKLIN TOWER owned the common elements of the building known as Franklin Tower, located at 90 Franklin Street, New York, New York.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "9" of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "10" of the Complaint.

11. Denies each and every allegation in paragraph "11" of the Complaint except admits that Corn Associates and possibly others rehabilitated an existing building at 90 Franklin Street, New York, New York and converted it to primarily residential use.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "12" of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "13" of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "14" of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "15" of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "16" of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "17" of the Complaint.

## JURISDICTION

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "18" of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "19" of the Complaint.

## GENERAL ALLEGATIONS

20. FRANKLIN TOWER repeats and realleges each of its responses to allegations in paragraphs "1" through "19" of the Complaint to the extent those allegations are repeated and realleged in paragraph "20" of the Complaint as if those responses were set in full at this place in this answer.

21. Denies each and every allegation in paragraph "21" of the Complaint except admits that water leaked into the Carey Condominium on or about April 2, 2005.

22. Denies each and every allegation in paragraph "22" of the Complaint except admits that water leaked into the Carey Condominium on or about April 2, 2005.

23. Denies each and every allegation in paragraph "23" of the Complaint except admits that water leaked into the Carey Condominium on or about April 2, 2005.

24. Denies each and every allegation in paragraph "24" of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "25" of the Complaint and begs leave to refer all questions of law to the Court.

26. Denies each and every allegation in paragraph "26" of the Complaint except admits that water leaked into the Beecham Condominium on or about April 2, 2005.

27. Denies each and every allegation in paragraph "27" of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "28" of the Complaint and begs leave to refer all questions of law to the Court.

29. Denies each and every allegation in paragraph "29" of the Complaint except admits that water leaked into the Carey Condominium on or about July 8, 2005.

30. Denies each and every allegation in paragraph "30" of the Complaint except admits that water leaked into the Carey Condominium on or about July 8, 2005.

31. Denies each and every allegation in paragraph "31" of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "32" of the Complaint and begs leave to refer all questions of law to the Court.

### COUNT I

33. FRANKLIN TOWER repeats and realleges each of its responses to allegations in paragraphs "1" through "32" of the Complaint to the extent those allegations are repeated and realleged in paragraph "33" of the Complaint as if those responses were set in full at this place in this answer.

34. Denies each and every allegation in paragraph "34" of the Complaint.

35.  Denies each and every allegation in paragraph "35" of the Complaint.

## COUNT II

36.  FRANKLIN TOWER repeats and realleges each of its responses to allegations in paragraphs "1" through "35" of the Complaint to the extent those allegations are repeated and realleged in paragraph "36" of the Complaint as if those responses were set in full at this place in this answer.

37.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "37" of the Complaint.

38.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "38" of the Complaint.

## COUNT III

39.  FRANKLIN TOWER repeats and realleges each of its responses to allegations in paragraphs "1" through "38" of the Complaint to the extent those allegations are repeated and realleged in paragraph "39" of the Complaint as if those responses were set in full at this place in this answer.

40.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph "40" of the Complaint.

### AS AND FOR THE FIRST AFFIRMATIVE DEFENSE

41.  All or part of plaintiff's claim is barred by the doctrine of accord and satisfaction.

### AS AND FOR THE SECOND AFFIRMATIVE DEFENSE

42.  The defendant, FRANKLIN TOWER, not being fully advised as to all the facts and circumstances surrounding the incident complained of, hereby assert and reserve

unto themselves the defenses of arbitration and award, assumption of risk, estoppel, failure of consideration, fraud, illegality, injury by fellow servant, payment, release, *res judicata*, statute of frauds, waiver, and any other matter constituting an avoidance or affirmative defense which the further investigation of this matter may prove applicable herein.

### AS AND FOR THE THIRD AFFIRMATIVE DEFENSE

43.     Plaintiff's payments to Mariah Carey and to Sinclar C.S. Beecham were voluntary and gratuitous.

### AS AND FOR THE FOURTH AFFIRMATIVE DEFENSE

44.     Any damages sustained by the plaintiff / plaintiff's subrogors were caused by the culpable conduct of the plaintiff / plaintiff's subrogors, including contributory negligence, breach of contract and failure to mitigate damages and not by the culpable conduct or negligence of these answering defendants. But if a verdict of judgment is awarded to plaintiff, then and in that event the damages shall be reduced in the proportion which the culpable conduct attributable to the plaintiff / plaintiff's subrogors bears to the culpable conduct which caused the damages.

### AS AND FOR THE FIFTH AFFIRMATIVE DEFENSE

45.     The plaintiff / subrogors failed to maintain adequate insurance on their premises and, therefore, any recovery herein is limited by the application and terms of the co-insurance clause contained in the policy of insurance alleged in the Complaint.

decorations and coverings), fixtures or equipment in the Units and for the repair or replacement of property such as that claimed by Plaintiff. Accordingly, the Unit Owners waived such claims against FRANKLIN TOWER.

### AS AND FOR THE TENTH AFFIRMATIVE DEFENSE

50.     The Defendant is not liable for the plaintiff / plaintiff's subrogors' damages because Carey and Beecham violated the By-Laws Section 2 and Schedule A of the By-Laws, Paragraph 21.9 which required that Carey's and Beecham's insurance, if they obtain any, contain subrogation waivers.

### AS AND FOR THE ELEVENTH AFFIRMATIVE DEFENSE

51.     Plaintiff / Plaintiff's subrogors failed to mitigate the extent of their losses.

### AS AND FOR THE TWELFTH AFFIRMATIVE DEFENSE

52.     The Defendant is not liable for the plaintiff / plaintiff's subrogors' damages pursuant to the following By-Laws provisions:

> *Section 3. Repair or Reconstruction After Fire or Other Casualty. In the event of damage to or destruction of the Building as a result of fire or other casualty (unless 75% or more of the Building is destroyed or substantially damaged and 75% or more in Common Interest of all Unit Owners do not, within sixty (60) days from the date of such damage or destruction, duly resolve to proceed with repair or restoration), the Board of Managers shall arrange for the prompt repair and restoration of the Building including the Units but excluding any machinery, appliances, furniture, furnishings, (including wall, ceiling and floor decorations and coverings), fixtures or equipment in the Units . . .*

## AS AND FOR THE THIRTEENTH AFFIRMATIVE DEFENSE

53. That the lawsuit herein was not commenced by the plaintiffs within the time prescribed by the contract of insurance herein, and the plaintiffs, therefore, are barred from maintaining this action and recovery.

## AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANTS CORN ASSOCIATES, LLC, KATZ METAL FABRICATORS, INC., and SAMCO PLUMBING, INC.

54. That if plaintiff was caused to sustain damages by reason of the claims set forth in the complaint, all of which are specifically denied, such damages were sustained by reason of the acts, conduct, misfeasance or nonfeasance, of co-defendants, CORN ASSOCIATES, LLC, KATZ METAL FABRICATORS, INC., and SAMCO PLUMBING, INC., its agents, servants and/or employees, and not by this answering defendant, THE FRANKLIN TOWER CONDOMINIUM, and if any judgment is recovered by plaintiff against this answering defendant, such defendant will be damaged thereby, and co-defendants, CORN ASSOCIATES, LLC, KATZ METAL FABRICATORS, INC., and SAMCO PLUMBING, INC., are or will be responsible therefore in whole or in part.

## AS AND FOR A SECOND CROSS-CLAIM AGAINST DEFENDANTS CORN ASSOCIATES, LLC, KATZ METAL FABRICATORS, INC., and SAMCO PLUMBING, INC.

55. That if plaintiff was caused to sustain damages by reason of the claims set forth in the complaint, all of which are specifically denied, and if any judgment is recovered by the plaintiff against this answering defendant, THE FRANKLIN TOWER CONDOMINIUM, that under a contract entered into between the parties or by reason of express or implied warranty, the co-defendants, CORN ASSOCIATES, LLC, KATZ METAL

9

FABRICATORS, INC., and SAMCO PLUMBING, INC., will be liable over to this answering defendant pursuant to the terms of the indemnity agreement in said contract or warranty, for the full amount of any verdict or judgment awarded to the plaintiff/subrogor against this answering defendant, together with attorneys fees, costs and disbursements.

WHEREFORE, defendant, THE FRANKLIN TOWER CONDOMINIUM, demands judgment dismissing the Complaint together with its costs and disbursements in this action.

Dated: New York, New York
       April 25, 2008

>Yours, etc.,
>
>WHITE FLEISCHNER & FINO, LLP
>
>By: _____
>    Jared T. Greisman (JG-6983)
>Attorneys for Defendant
>The Franklin Tower Condominium
>61 Broadway - 18th Floor
>New York, New York 10006
>(212) 487-9700
>Our File No.: 179-13150-PAF/JTG

TO:

Robert W. Phelan, Esq.
Cozen O'Connor
(Attorneys for Plaintiff)
45 Broadway – 16th Floor
New York, NY 10006
(212) 509-9400

Richard S. Kaye, Esq.
Murphy & Higgins, LLP
(Attorneys for Defendant
KATZ METAL FABRICATORS, INC.)
One Radisson Plaza
New Rochelle, NY 10801
(914) 712-1100

Corn Associates, LLC
86 Chambers Street, Suite 704
New York, New York 10007

Samco Plumbing, Inc.
36-20 13th Street
Long Island City, NY  11106

11

STATE OF NEW YORK )
) ss:
COUNTY OF NEW YORK )

**Julia N. Bryant** being duly sworn, deposes and says:

That I am not a party to the within action, am over 18 years of age and reside in Brooklyn, New York.

That on April 28, 2008, deponent served a true copy of the within **ANSWER TO SECOND AMENDED COMPLAINT** by depositing in an official depository of the United States Postal Service in a prepaid at the addresses designated by them as the addresses for service of papers.

TO:

Robert W. Phelan, Esq.
Cozen O'Connor
(Attorneys for Plaintiff)
45 Broadway – 16th Floor
New York, New York 10006
(212) 509-9400

Corn Associates, LLC
Defendant
86 Chambers Street, Suite 704
New York, NY 10007

Richard S. Kaye, Esq.
Murphy & Higgins, LLP
(Attorneys for Defendant
KATZ METAL FABRICATORS, INC.)
One Radisson Plaza
New Rochelle, NY 10801
(914) 712-1100

Samco Plumbing, Inc.
Defendant
36-20 13th Street
Long Island City, NY 11106

Julia N. Bryant

Notary Public
WENDY A. JANTZ
Notary Public, State of New York
No. 01JA6[...]
Qualified in Richmond County
Commission Expires January 23, 2011