UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————X
AMERICAN INSURANCE COMPANY a/s/o
MARIAH CAREY,

                    Plaintiff,

    - against -

CORN ASSOCIATES, LLC, THE FRANKLIN TOWER
CONDOMINIUM, KATZ METAL FABRICATORS, INC.,
OLYMPIC PLUMBING AND HEATING III CORP.,
and SAMCO PLUMBING, INC.,

                    Defendants.
———————————————————————X

Case No.: 07-CIV 8604 (WHP) (AJP)

## DEFENDANT THE FRANKLIN TOWER CONDOMINIUM'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Respectfully submitted,

WHITE FLEISCHNER & FINO, LLP

Attorneys for Defendant
The Franklin Tower Condominium
61 Broadway - 18th Floor
New York, New York 10006
(212) 487-9700
Our File No.: 179-13150-PAF/JTG

*Of Counsel*
Jared T. Greisman

WHITE, FLEISCHNER & FINO, LLP
ATTORNEYS AT LAW
61 BROADWAY
NEW YORK, NY 10006

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ………………………………………………….. ii

INTRODUCTION ………………………………………………………………. 1

BACKGROUND ………………………………………………………………... 1

PROCEDURAL HISTORY AND SUMMARY OF DEFENSES ……………… 2

LEGAL ARGUMENT ………………………………………………………….. 4

SUMMARY JUDGMENT STANDARD ………………………………………. 4

POINT I:    THIS COURT MUST ENFORCE THE WAIVER
OF SUBROGATION CLAUSES IN THE BY-LAWS
AND IN THE CONDOMINIUM OFFERING PLAN ………………… 5

    A.    Risk of loss or damage to Unit Owners' property
was allocated to the Unit Owners …………………………….. 5

    B.    Carey and Beecham Waived American Insurance Company's
Subrogation Rights …………………………………………… 5

CONCLUSION …………………………………………………………………. 9

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Agostinelli et al. v Michelle Stein and David Griffo et al.*
*v. Allstate Insurance Company, as subrogee of Jane C.*
*Langevin*, 17 A.D.3d 982, 794 N.Y.S.2d 759 (4th Dep't 2005)......................... 6, 7, 8

*Allianz Ins. Co. v. Structure Tone (UK), Inc.*, 2005 U.S. Dist. LEXIS 44839
(S.D.N.Y. Aug. 15, 2005) ............................................................................... 6, 7, 8

*American Motorist Insurance Company, as subrogee of Jodamo*
*International, Ltd. and Chubb Custom Insurance Company as*
*subrogee of Jodamo International Ltd. v. Morris Goldman*
*Real Estate Corp.*, 277 F. Supp. 2d 304 (S.D.N.Y. 2003)..................................... 6

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) ........................... 4

*Cargo Partner AG v. Albatrans Inc.*, 207 F. Supp. 2d 86,
89 (S.D.N.Y. 2002) ............................................................................................. 8

*Empire Bias Binding Company, Inc. v. Andros Realty Corp.*
*(Action No. 1) New York Property Insurance Underwriting*
*Association v. Andros Realty Corp. (Action No. 2)*, 210 A.D. 2d
198, 619 N.Y.S.2d 745 (2d Dept. 1994) .............................................................. 6, 8

*Kaf-Kaf, Inc. v. Rodless Decorations, Inc.*, 90 N.Y. 2d 654,
687 N.E. 2d 1330 (1997) ..................................................................................... 6,7

*Lang v. Ret. Living Publishing Co.*, 949 F.2d 576,
580 (2d Cir. 1991) ............................................................................................... 4

*Loctite VSI v Chemfab N.Y.*, 268 AD2d 869,
701 N.Y.S. 2d 723 (2000) ................................................................................... 7

*Morales v. Quintel Entm't, Inc.*, 249 F.3d 115,
121 (2d Cir. 2001) ............................................................................................... 4

*Reliance Nat'l Ins. Co. v. Hueber-Breuer Constr. Co.*, 11 A.D.3d
1031 (4th Dept. 2004), *cert. denied*, 13 A.D.3d 1235; 787 N.Y.S.2d
194 (4th Dept. 2004) ............................................................................................ 6

*Schoninger v Yardarm Beach Homeowners' Assn.*, 134 AD2d 1,
6, 523 N.Y.S. 2d 523 (N.Y. 1987) ............................................................... 7

*S.S.D.W. Co. v Brisk Waterproofing Co.*, 76 N.Y. 2d 228,
556 N.E. 2d 1097, 557 N.Y.S. 2d 290 (N.Y. 1990) ....................................... 7

*Travelers Indem. Co. v. Hunter Fan Co.*, 2001 U.S. Dist. LEXIS
13889 at 8 (S.D.N.Y. September 10, 2001) ................................................. 7

*United States Underwriters Ins. Co. v. Falcon Constr. Corp.*,
2006 U.S. Dist. LEXIS 28310 (S.D.N.Y. 2006) ........................................... 4

## INTRODUCTION

Franklin Tower Condominium ("Franklin Tower") respectfully requests that this Court award summary judgment in its favor based upon subrogation waiver clauses in the Condominium By-Laws and Condominium Offering Plan that were binding upon Plaintiff American Insurance Company's ("American") insureds, Mariah Carey ("Carey") and Sinclair C.S. Beecham ("Beecham"). In the By-Laws and in the Condominium Offering Plan, Carey and Beecham, as Unit Owners, were required to and agreed to waive their insurers' rights to assert subrogation claims arising out of casualty losses of any kind. In this lawsuit, American is asserting exactly the type of claim that its insureds properly and validly waived upon purchasing their condominium units.

Based upon the law of the State of New York, this court must enforce the subrogation waiver because (a) there is no question that the By-Laws and the Condominium Offering Plan contain the waivers and the waivers were effective on the date of the incident; (b) although it is not necessary for the enforcement of the subrogation waivers, Carey's and Beecham's insurance policies expressly permit the waiver such as they were agreed upon and binding prior to the casualty; and (c) American, in complete disregard for its insured's obligations to the Franklin Tower, is asserting a claim that falls within the parameters of the subrogation waivers.

## BACKGROUND

This lawsuit arose out of a water leak into Plaintiff's insureds' premises. American alleges that the leak resulted in damage to Plaintiff's insureds' property including what American describes as Improvements and Betterments within the Units (Carey and Beecham), Contents (Carey), Additional Living Expenses (Carey) and Mold Remediation (Carey). Pursuant to the Condominium By-Laws and Condominium Offering Plan, Carey and Beecham agreed to and

were bound to waive their insurers' rights to assert subrogation claims against the Franklin Tower in the event of damage caused by a casualty.

Defendant respectfully refers this Court to Franklin Tower's Statement of Material Facts Pursuant to Local Rule 56.1 ("**Franklin Tower Rule 56.1 Statement**") and **Affidavit of Frederick Wodin**, and these documents' accompanying exhibits.

American alleges that on April 2, 2005 Carey and Beecham sustained property damage to property as a result of a water leak from above their units and that Carey sustained additional damage on July 8, 2005 as the result of a leak. Carey and Beecham each filed claims pursuant to their property insurance policies with American, and American alleges that it compensated each of its insureds for the damage and loss. Accordingly, American's instant action against Franklin Tower is in all respects a subrogation claim and it is barred.

## PROCEDURAL HISTORY AND SUMMARY OF DEFENSES

Despite Carey's and Beecham's agreement to waive their insurers' rights to assert subrogation claims, American commenced the subject lawsuit against Franklin Tower.

In its Complaint, American alleges that a water pipe located above the Carey Unit broke, thereby causing water to discharge, causing damage to the property of the plaintiff's subrogor.

In its Answer to American's Subrogation Complaint, American denied the allegations of the Complaint and set forth various affirmative defenses including, but not limited to the following:

### AS AND FOR THE EIGHTH AFFIRMATIVE DEFENSE

48    The Defendant is not liable for the plaintiff / plaintiff's subrogors' damages pursuant to the following By-Laws provisions:

> ***Section 2: Insurance 9.*** *. . . Each Unit Owner may carry supplemental or additional insurance for his own benefit, provided that all such policies*

*shall contain waivers of subrogation, and further provided that the liability of the carriers issuing insurance obtained by the Board of Managers shall not be affected or diminished by reason of any such supplemental or additional insurance.*

and

***Schedule A of the By-Laws, Paragraph 21.9*** *. . . Each Unit Owner may carry other insurance for his own benefit, provided that all such policies shall contain waivers of subrogation, and further provided that the liability of the carriers issuing insurance obtained by the Board of Managers shall not be affected or diminished by reason of any such additional insurance carried by such Unit Owner.*

### AS AND FOR THE NINTH AFFIRMATIVE DEFENSE

49.  The Defendant is not liable for the plaintiff / plaintiff's subrogors' damages because Section 3 of the By-Laws provide that Unit Owners are themselves responsible for the repair of any machinery, appliances, furniture, furnishings (including wall, ceiling and floor decorations and coverings), fixtures or equipment in the Units and for the repair or replacement of property such as that claimed by Plaintiff. Accordingly, the Unit Owners waived such claims against FRANKLIN TOWER.

* * *

### AS AND FOR THE TWELFTH AFFIRMATIVE DEFENSE

52.  The Defendant is not liable for the plaintiff / plaintiff's subrogors' damages pursuant to the following By-Laws provisions:

*Section 3. <u>Repair or Reconstruction After Fire or Other Casualty</u>. In the event of damage to or destruction of the Building as a result of fire or other casualty (unless 75% or more of the Building is destroyed or substantially damaged and 75% or more in Common Interest of all Unit Owners do not, within sixty (60) days from the date of such damage or destruction, duly resolve to proceed with repair or restoration), the Board of Managers shall arrange for the prompt repair and restoration of the Building including the Units but excluding any machinery, appliances, furniture, furnishings, (including wall, ceiling and floor decorations and coverings), fixtures or equipment in the Units . . .*

3

## LEGAL ARGUMENT

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil procedure 56(c) provides that the court shall grant summary judgment when the pleadings, discovery, deposition testimony and affidavits show that there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in the original); *see also, e.g., Lang v. Ret. Living Publishing Co.*, 949 F.2d 576, 580 (2d Cir. 1991). "The court must must consider the facts in the light most favorable to the non-moving party." Id. (citing *Morales v. Quintel Entm't, Inc.*, 249 F.3d 115, 121 (2d Cir. 2001) and *United States Underwriters Ins. Co. v. Falcon Constr. Corp.*, 2006 U.S. Dist. LEXIS 28310 (S.D.N.Y. 2006)).

Franklin Tower seeks by this instant motion to settle as a matter of law that American may not assert subrogation claims against it pursuant to various subrogation waivers in applicable By-Laws and in the Condominium Offering Plan. American is seeking to recover for losses sustained to Unit Owners Mariah Carey's and Sinclair C.S. Beecham's property contained within their units, which Carey and Beecham expressly agreed was not Franklin Tower's responsibility to repair in the event of loss or damage.

4

## POINT I

## THIS COURT MUST ENFORCE THE WAIVER OF SUBROGATION CLAUSES IN THE BY-LAWS AND CONDOMINIUM OFFERING PLAN

A.  **Risk of loss or damage to Unit Owners' property was allocated to the Unit Owners.**

The Unit Owners are advised in numerous terms and provisions within the Condominium Offering Plan and the By-Laws the Franklin Tower will not be responsible for repairing Unit Owners' personal property. In fact, the Unit Owners and the Franklin Tower allocated the risk of loss or damage to machinery, appliances, fixtures, furniture, furnishings (including wall, ceiling and floor decorations and coverings), equipment or other personal property within a Unit to the Unit Owners. (See, in particular, By-Laws Section 2: Insurance and By-Laws Section 3. Repair or Reconstruction After Fire or Other Casualty).

B.  **Carey and Beecham Waived American's Subrogation Rights.**

The Unit Owners are further advised in several terms and provisions that the Condominium will maintain insurance policies insuring the Building but not the Unit Owners' personal property or improvements and other features in their units. The Unit Owners are permitted to obtain their own insurance for the their own benefit and to insure the interior of their Unit and the contents thereof, including appliances, furniture, furnishings, and other personal property within the unit. In every provision in the By-Laws and in the Condominium Offering Plan Each wherein it is discussed that Unit Owners may carry supplemental or additional insurance for his own benefit, it is stated "that all such policies shall contain waivers of subrogation." Accordingly, Carey and Beecham waived their insurers' rights to assert claims of this sort. Furthermore, as required in the waiver clauses, Carey and Beecham procured insurance

5

that expressly permits the waiver. Consequently, American is not permitted to assert these claims and they must be dismissed.

Under New York law, subrogation waivers are valid and enforceable and preclude negligence-based subrogation claims. *See, e.g., Allianz Ins. Co. v. Structure Tone (UK), Inc.*, 2005 U.S Dist. LEXIS 44839 (S.D.N.Y. Aug. 15, 2005); *American Motorist Insurance Company, as subrogee of Jodamo International, Ltd. and Chubb Custom Insurance Company as subrogee of Jodamo International, Ltd. v. Morris Goldman Real Estate Corp.*, 277 F. Supp. 2d 304 (S.D.N.Y. 2003); *Kaf-Kaf, Inc. v. Rodless Decorations, Inc.*, 90 N.Y. 2d 654, 687 N.E. 2d 1330 (1997); *Empire Bias Binding Company, Inc. v. Andros Realty Corp. (Action No. 1) New York Property Insurance Underwriting Association v. Andros Realty Corp. (Action No. 2)*, 210 A.D. 2d 198, 619 N.Y.S.2d 745 (2d Dept. 1994); *Reliance Nat'l Ins. Co. v. Hueber-Breuer Constr. Co.*, 11 A.D.3d 1031 (4th Dept. 2004), *cert. denied*, 13 A.D.3d 1235; 787 N.Y.S.2d 194 (4th Dept. 2004), *Agostinelli et al. v Michelle Stein and David Griffo et al. v. Allstate Insurance Company, as Subrogee of Jane C. Langevin*, 17 A.D.3d 982, 794 N.Y.S.2d 759 (4th Dep't 2005).

Carey and Beecham intended to waive American's right to seek recovery for their damage caused by a water leak from the Franklin Tower. Even if American was correct in its allegations that Franklin Tower was negligent and thereby caused the loss, the subrogation waivers would still prohibit American's claims. In *American Motorist Insurance Company*, 277 F. Supp. 2d at 308), for example, the court stated "[a] waiver of subrogation clause, similar to an exculpatory clause, shields a party from any liability when the injured party is fully insured."

In *Agostinelli et al. v Michelle Stein and David Griffo et al. v. Allstate Insurance Company, as Subrogee of Jane C. Langevin*, 17 A.D.3d 982, 794 N.Y.S.2d 759 (4th Dep't 2005), a case involving a condominium with by-laws containing a similar requirement, that unit owners'

6

insurance must contain a waiver of subrogation, the court ruled that the subrogation claims were barred, and stated as follows:

> Those actions were commenced by plaintiff insurers as subrogees. The bylaws [***5] provide that the unit owners "are encouraged to carry other insurance for their own benefit provided that all such policies shall contain waivers of subrogation against the ... Board." The bylaws are, "in essence, an agreement among all of the individual unit owners ... which set forth the respective rights and obligations of unit owners" (*Schoninger v Yardarm Beach Homeowners' Ass'n.*, 134 AD2d 1, 6, 523 NYS2d 523 [1987]). "While parties to an agreement may waive their insurer's right of subrogation, a waiver of subrogation clause cannot be enforced beyond the scope of the specific context in which it appears" (*Kaf-Kaf, Inc. v Rodless Decorations*, 90 NY2d 654, 660, 687 NE2d 1330, 665 NYS2d 47 [1997]). Here, the bylaws provide for a waiver of subrogation claims for any amounts that "benefit" the unit owner, and thus we conclude that the subrogation actions herein cannot be maintained against any of the Westage defendants (*see S.S.D.W. Co. v Brisk Waterproofing Co.*, 76 NY2d 228, 233-234, 556 NE2d 1097, 557 NYS2d 290 [1990]; *Loctite VSI v Chemfab N.Y.*, 268 AD2d 869, 871, 701 NYS2d 723 [2000]).

*Agostinelli et al. v Michelle Stein and David Griffo et al. v. Allstate Insurance Company, as Subrogee of Jane C. Langevin*, 17 A.D.3d 982, \*; 794 N.Y.S.2d 759, \*\*; (4th Dep't 2005).

An earlier decision, *Travelers Indem. Co. v. Hunter Fan Co.*, 2001 U.S. Dist. LEXIS 13889 (S.D.N.Y. Sept. 10, 2001), discusses by-law provisions that were the subject of a building owner and individual unit owners. The Court held that all were required to obtain waivers of subrogation but the provision was ambiguous. Unlike in *Agostinelli*, the provisions in *Travelers* were not set forth in the decision and it cannot be ascertained what was stated. A striking difference between *Travelers* and the case at bar is that the Franklin Tower documents clearly provide that the Condominium will not repair Unit Owner property and it will not obtain insurance for it. Such provisions are not referenced in *Travelers*.

A more recent decision, *Allianz Ins. Co. v. Structure Tone (UK), Inc.*, 2005 U.S. Dist. LEXIS 44839 (S.D.N.Y. Aug. 15, 2005), favorably cited *Agostinelli* while enforcing a

subrogation waiver, notwithstanding the insurer's claim it was unaware of the existence of the waiver. Judge Wood stated

> . . . Allianz does not point the Court to any precedent in which a New York court, or any court applying New York law, refused to enforce a waiver of subrogation rights by an insured against an insurer based on the insurer's lack of knowledge (or consent) . . . [and], there are numerous decisions enforcing such waivers. . . . Here, the policy lacks such a waiver and there is no indication that Allianz was aware of the waiver (or even the construction contract generally). Myriad cases, though, have enforced subrogation waivers with no indication as to the nature of the policy involved. *See Kaf-Kaf, Inc., 90 N.Y.2d 654 at 660, 687 N.E.2d 1330, 665 N.Y.S.2d 47; S.S.D.W., 76 N.Y.2d at 229; Agostinelli v. Stein, 17 A.D.3d 982, 984-85, 794 N.Y.S.2d 759 (4th Dep't 2005).* Despite the conflicting law from other jurisdictions, there is simply no indication that a New York court would refuse to enforce the waiver of subrogation in this case, *see Cargo Partner AG v. Albatrans Inc., 207 F. Supp. 2d 86, 89 (S.D.N.Y. 2002)* **[*17]** (federal court sitting in diversity attempts to interpret relevant law as state court would), and Allianz provides no persuasive reason for this Court to depart from the general rule of enforcing such waivers.

*Allianz Ins. Co. v. Structure Tone (UK), Inc.*, 2005 U.S. Dist. LEXIS 44839 at 15 (S.D.N.Y. Aug. 15, 2005)

The Allianz Ins. Co. analysis led to the Court's conclusion that subrogation waivers, like those found in the by-laws in Agostinelli, must be enforced notwithstanding the relevant insurers' level of awareness of the waivers before a loss. It follows that the subrogation waivers in the Franklin Tower By-Laws and Condominium Offering Plan must, similarly, be enforced, as these clauses are virtually the same as those in *Agostinelli*.

8

## CONCLUSION

Defendant Franklin Tower has established, through admissible evidence, that (a) Carey and Beecham, by accepting the Unit Deeds and by becoming Unit Owners at the Franklin Tower, agreed and were bound to waive their insurer's subrogation claims resulting from fire or other casualty, (b) that each party's insurance policy expressly permits the subrogation waiver, and (c) that American, by commencing this lawsuit, is asserting a claim which is based on Franklin Tower's alleged negligence and which is exactly the type of claim that Carey and Beecham contractually intended to waive in the subrogation waiver. Consequently, this court must enforce the subrogation waivers, dismiss American's causes of action as they pertain to Franklin Tower and award summary judgment in favor of Franklin Tower.

Dated:  New York, New York
       June 6, 2008

Respectfully submitted,

WHITE FLEISCHNER & FINO, LLP

By: _____
Jared T. Greisman (JG-6983)
Attorneys for Defendant
The Franklin Tower Condominium
61 Broadway - 18th Floor
New York, New York 10006
(212) 487-9700
Our File No.: 179-13150-PAF/JTG

TO:   (See Attached Certification of Service)

9