UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ------------------------------------------------------- x <br> AMERICAN INSURANCE COMPANY <br> a/s/o Mariah Carey, and Sinclair C.S. Beecham <br>                     Plaintiffs, <br>            against <br><br> CORN ASSOCIATES, LLC, THE FRANKLIN TOWER CONDOMINIUM, KATZ METAL FABRICATORS, INC., and SAMCO PLUMBING, INC., <br>                 Defendants. <br> ------------------------------------------------------- x | Docket No.: 1:07 cv 08604 |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION TO DISMISS OF KATZ METAL FABRICATORS

 

COZEN O'CONNOR

Mark E. Opalisky, Esq.
Robert W. Phelan, Esq.
Attorneys for Plaintiff
AMERICAN INSURANCE COMPANY
45 Broadway, Suite 1600
New York, New York 10006
212.509.9400

On the Brief
Kathleen P. Loughhead, Esq.

# TABLE OF AUTHORITIES

                                           **Page(s)**

**CASES**

*City School District of City of Newburgh v. Stubbins & Associates,*
   85 N.Y.2d 535, 650 N.E.2d 399, 626 N.Y.S.2d 741 (1995) ................................. 3, 5

*Cohen v. Koenig,*
   25 F.3d 1168 (2d Cir. 1994) .................................................................................. 2

*Dangler v. New York City Off Track Betting Corp.,*
   193 F.3d 130 (2d Cir. 1999) .................................................................................. 2

*FDIC v. Pelletreau & Pelletreau,*
   965 F. Supp. 381 (E.D.N.Y. 1997) ........................................................................ 2

*Oritz v. Cornetta,*
   867 F.2d 146 (2d Cir. 1989) .................................................................................. 2

*Royal Insurance Company et al v. Ru-Val Electric Corp., et al,*
   918 F.Supp. 647 (E.D.N.Y. 1996) ................................................................. 3, 4, 5

**STATUTES**

CPLR 214(4)................................................................................................................. 1, 3

CPLR 214(4): .................................................................................................................... 3

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12(b)(6).......................................................................... 2

## **INTRODUCTION**

This is a subrogation claim brought by plaintiff American Insurance Company arising out of a substantial water leak at the Franklin Tower Condominium, located at Franklin and Church Streets in New York, New York on April 2, 2005. Large amounts of water flowed into two residential condominium units owned by Mariah Carey and into one unit owned by Sinclair Beecham. The flood caused damage to personal property owned by Mariah Carey and Sinclair C.S. Beecham, resulted in expenses associated with relocation during repair, and Mr. Beecham lost rental income. The flood occurred when a gravity water tank on the roof of the building overflowed into an abandoned, uncapped fill pipe in the ceiling of the unit owned by Mariah Carey, and subsequently flowed into Mr. Beecham's unit.

Investigation into the cause of the tank overflow revealed that it resulted from work performed during the renovation of an existing bank building and construction of a condominium in and after 1999. Defendant Katz Metal Fabricators, Inc. ("Katz Metal") performed plumbing work on the construction project. Ms. Carey and Mr. Beecham purchased residential units after the renovation from commercial property to residential property was completed. They did not contract with the general contractor or with Katz Metals for the 1999 condominium renovation.

American Insurance instituted this action seeking recovery of the amounts paid to Mariah Carey and Sinclair Beecham as a result of the water intrusion. Plaintiff's claims are based solely on negligence.

Katz Metal contends that plaintiff's claims are time-barred. There is no dispute that the three-year statute of limitations for property damage claims set forth in CPLR 214(4) applies to this dispute. At issue, however, is the applicable accrual date of the statute of limitations: whether plaintiff's negligence cause of action accrued when the water intrusion caused damage, or whether it accrued when the renovation project was completed. Katz Metal cites cases

holding that the date of construction completion is appropriate where the plaintiff is the owner of the property and there is a "contractual relationship" between plaintiff and defendants. Because the statute of limitations for breach of contract generally accrues at the time of the breach, New York courts have held that negligence claims accrue at the same time, because of the contractual relationship between the parties. There is no contractual relationship in this case, however, and the cases on which Katz Metal relies are distinguishable. Plaintiff urges this Court to rule as a matter of law that its claims are not time-barred, as the negligence cause of action accrued on the date of the flood, April 2, 2005.

## LEGAL ARGUMENT

A.  **Standard for Granting a Motion to Dismiss**

The affirmative defense of statute of limitations may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Such a motion, however, should not be granted unless "it appears beyond doubt that the plaintiff can prove so set of facts in support of his claim which would entitle him to relief." *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir. 1994) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)); *Oritz v. Cornetta*, 867 F.2d 146 (2d Cir. 1989); *FDIC v. Pelletreau & Pelletreau*, 965 F. Supp. 381 (E.D.N.Y. 1997). Assessing the sufficiency of a pleading, the Court must assume all well-pleaded factual allegations to be true, and view all reasonable inferences that can be drawn from such allegations in the light most favorable to the plaintiff. *Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999).

B. **The Decisive Issue is the Accrual Date of the Statute of Limitations**

CPLR 214(4), the statute of limitations applicable to negligence claims, is silent as to when a cause of action accrues.[1] The proper date of accrual for purposes of the statute of limitations must therefore be determined by examining the relevant case law.

The U.S. District Court for the Eastern District of New York analyzed the accrual dates for property damage claims in *Royal Insurance Company et al v. Ru-Val Electric Corp., et al,* 918 F.Supp. 647 (E.D.N.Y. 1996):

> A contract claim generally accrues at the time of the breach, not when the injury is sustained. . . .A tort claim, by contrast, generally arises when the injury is sustained. . .In building construction cases where the claim is simultaneously for breach of contract and for injury to property, New York cases hold that an owner plaintiff's cause of action accrues against contractors or architects from either the time the work is completed or a certificate is issued.

918 F. Supp. 647, 656 (citations omitted). The Court of Appeals of New York, in accord with the U.S. District Court, defined the accrual date as follows: "[A]n owner's claim arising out of defective construction accrues on date of completion, since all liability has its genesis in the contractual relationship of the parties." *City School District of City of Newburgh v. Stubbins & Associates,* 85 N.Y.2d 535, 538, 650 N.E.2d 399, 401, 626 N.Y.S.2d 741, 743 (1995). Relying on the *City School District* case, defendant Katz Metals contends that the accrual date for statute of limitations purposes in this case should be the date of completion of construction.

The "construction completion" accrual date, however, does not apply to all property damage claims arising out of negligent construction. It applies to situations where the plaintiff is an owner, or one acting as an owner, asserting a claim against an architect or contractor, where the negligence claims arise out of the "contractual relationship." *Id.,* 85 N.Y.2d at 539, 650 N.E.2d at 401, 626 N.Y.S.2d at 743.

---

1   CPLR 214(4): The following actions must be commenced within three years . . .: an action to recover damages for an injury to property except as provided in section 214-c.

3

The *Ru-Val* Court explained that the date of work completion controls the accrual of the negligence cause of action where the claim is "simultaneously for breach of contract and for injury to property." *Royal Insurance Company et al v. Ru-Val Electric Corp.*, 918 F. Supp. 647, 656 . Where there is no "contractual relationship" between plaintiff and defendant, the accrual date for a negligence claim involving property damage is the date of injury. *Id.* The rationale for the distinction is that where liability "arises out of the contractual relationship, where damage to real or personal property flowing from faulty design or construction can be anticipated, and steps taken to protect against the consequences of such damage," the owner plaintiff should be held to a statute of limitations that accrues at the time the construction project is completed. *Id.*

In 1999 Corn Associates LLC was the fee owner of the Franklin Tower Building until the building was established as a condominium known as The Franklin Towers. The construction contract attached as Exhibit "F" to the Affidavit of Isaac Kubersky identifies the contracting parties as 271 Church Street Construction Corp and Katz Metal Fabricators, Inc. The Owner is identified as Corn Associates LLC, a defendant in this action. Ms. Carey and Mr. Beecham, plaintiff's insureds, owned personal property in their respective residential units at the time of the flood. They did not own the building at the time of the flood or during renovation, could not take steps to protect against the consequences of negligent construction, and do not fall within the category of "owner/plaintiffs" governed by the "completion of construction" accrual date.

Katz Metals relies on *City School District of the City of Newburgh, supra.,* where construction of a school building was completed fifteen years before a water pipe burst in the school library. After the water pipe burst, the school district brought suit against the contractor, alleging defective construction and design, and seeking compensation for damage to its books, equipment, furniture and real property. The Court of Appeals affirmed the dismissal of the

4

school district's complaint as barred by the statute of limitations, holding that the negligence cause of action accrued on the date construction was complete.

The court based its decision on a finding that the plaintiff school district had a contractual relationship with the construction contractor which was the "functional equivalent of privity." *Id.* 85 N.Y.2d at 539, 650 N.E.2d at 401, 626 N.Y.S.2d at 743. According to the court, an owner does not have to be in a direct contractual relationship with the defendant for the completion rule to apply. Other factors created a "contractual relationship" between the school district and the defendant contractors, even though the Urban Development Corporation signed the contract and supervised the construction. For example, the plaintiff school district reviewed and approved the architectural plans and specifications, retained control of the budget and change orders during construction, and had a representative at the construction site on a daily basis. *Id.*

No factors exist in this case to create a contractual relationship or "functional privity" between the plaintiff and Katz Metal. Without a direct contractual relationship between plaintiff's insureds and Katz Metals, the general negligence accrual date must apply. *See, e.g., Brooklyn Union Gas Company v. Hunter Turbo Corp.* 241 A.D.2d 505, 660 N.Y.S.2d 877 (1997) (in an action to recover property damages for negligence, the plaintiff's claim accrues upon the date of injury); *Gianakakos v. Commodore Home Systems, Inc.,* 727 N.Y.S.2d 806, 285 A.D.2d 907 (3d Dept. 2001).

The majority of cases that analyze CPLR 214(4) arise out of products liability actions where a defective product caused damage to property owned by the plaintiff. Cases that involve defective services, such as installation or repair, generally give rise to a claim for breach of contract or breach of warranty. The situation at issue here is unique, in that it involves a claim of negligent performance where there was no contract between the parties.

Plaintiff respectfully asks this Court to deny defendant's Motion to Dismiss on the grounds that the dismissal is not proper and should not be granted unless "it appears beyond doubt that the plaintiff can prove so set of facts in support of his claim which would entitle him to relief." *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir. 1994) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)); *Oritz v. Cornetta,* 867 F.2d 146 (2d Cir. 1989); *FDIC v. Pelletreau & Pelletreau,* 965 F. Supp. 381 (E.D.N.Y. 1997). The applicable accrual date for plaintiff's cause of action was the date of the injury, April 2, 2005. As plaintiff filed its original Complaint on October 3, 2007, the claims are not time-barred.

Respectfully submitted,

COZEN O'CONNOR

By: *Mark E. Opalisky*
Mark E. Opalisky, Esquire
Kathleen P. Loughhead, Esq.
1900 Market Street
Philadelphia, PA 19103
(215) 665-2729
Attorneys for Plaintiff

Local Counsel:
Robert W. Phelan, Esquire (RP3825)
45 Broadway, Suite 1600
New York NY 10006
212-908-1274

PHILADELPHIA\3763010\1 207066.000

7