UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| -------------------------------------------------------- x<br>AMERICAN INSURANCE COMPANY<br>a/s/o Mariah Carey, and Sinclair C.S.<br>Beecham<br><div align="center">Plaintiffs,</div><div align="center">against</div><br>CORN ASSOCIATES, LLC, THE<br>FRANKLIN TOWER CONDOMINIUM,<br>KATZ METAL FABRICATORS, INC., and<br>SAMCO PLUMBING, INC.,<br><div align="center">Defendants.</div><br>-------------------------------------------------------- x | **Docket No.: 1:07 cv 08604** |

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT OF THE FRANKLIN TOWER CONDOMINIUM

COZEN O'CONNOR
Robert W. Phelan, Esq.
Mark E. Opalisky, Esq.
Attorneys for Plaintiff
AMERICAN INSURANCE COMPANY
45 Broadway, Suite 1600
New York, New York 10006
212.509.9400

On the Brief
Kathleen P. Loughhead, Esq.

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Allianz Insurance Company v. Structure Tone,*
2005 U.S. Dist. LEXIS 44839 (S.D.N.Y. 2005)........................................................8

*Am. Motorist Ins. Co. v. Morris Goldman Real Estate,*
277 F.Supp.2d 304 (S.D.N.Y. 2003).......................................................................8

*Board of Education v. Valden Assoc., Inc.,*
46 N.Y.2d 653, 416 N.Y.S. 2d 202, 389 N.E.2d 798 (1979).................................5

*Cable Science Corp. v. Rochdale Village, Inc.,*
920 F.2d 147 (2d Cir. 1990).....................................................................................2

*Continental Insurance Company v. 115-123 West 29th Street Owners Corp.,*
275 A.D.2d 604, 713 N.Y.S.2d 38 (1st Dep't 2000)................................................9

*E.R. Squibb & Sons, Inc. v. Lloyd's and Companies,*
241 F.3d 154 (2d Cir. 2001).....................................................................................2

*Indian Harbor Ins. Co. v. Dorit Baxter Skin Care, Inc.,*
430 F. Supp. 2d 183 (S.D.N.Y. 2006)......................................................................6

*Institute for Shipboard Education v. Cigna Worldwide Insurance Co.,*
22 F.3d 414 (2d Cir. 1994).......................................................................................2

*Kaf-Kaf, Inc. v. Rodless Decorations,*
90 N.Y.2d 654 (N.Y. 1997) ......................................................................................8

*S.S.D.W. Co. v. Brisk Waterproofing Co.,*
76 N.Y.2d 228, 557 N.Y.S.2d 290 (1990) ...............................................................5

*Sackman v. Liggett Group,*
167 F.R.D. 6 (E.D.N.Y. 1996)..................................................................................2

*Seiden Assoc., Inc. v. ANC Holdings, Inc.,*
959 F.2d 425 (2d Cir. 1992).....................................................................................2

*Sutton Hill Associates v. Landes,*
775 F. Supp. 682 (S.D.N.Y. 1991) ...........................................................................5

*Terminate Control Corporation v. Horowitz,*
28 F.3d 1335 (2d Cir. 1994).....................................................................................2

*Tokio Marine & Fire Ins. Co., Ltd. v. McDonnell Douglas Corp.,*
    617 F.2d 936 (2d Cir. 1980).................................................................................................2

*Twin Laboratories, Inc. v. Weider Health & Fitness,*
    900 F.2d 566 (2d Cir. 1990).................................................................................................2


**OTHER AUTHORITIES**

Fed. R. Civ. P. 56(c) ..................................................................................................................2

## INTRODUCTION

This is a subrogation action brought by plaintiff American Insurance Company arising out of a substantial water leak at the Franklin Tower Condominium, located at Franklin and Church Streets in New York, New York. Beginning on April 2, 2005, large amounts of water flowed into two residential condominium units owned by Mariah Carey and into one unit owned by Sinclair Beecham. The flood caused damage to personal property owned by Mariah Carey and Sinclair Beecham, resulted in expenses for relocation during repair, mold remediation and, for Mr. Beecham, lost rental income.

The flood occurred when a gravity water tank on the roof of the building overflowed into an abandoned, uncapped fill pipe in the ceiling of the unit owned by Mariah Carey, and subsequently flowed into Mr. Beecham's unit. Investigation into the cause of the tank overflow revealed that it resulted from work performed during the renovation of an existing bank building and construction of the Franklin Tower Condominium in and after 1999.

In Count II of the Second Amended Complaint, American Insurance Company alleges, *inter alia,* that Franklin Tower Condominium (hereinafter "Franklin Tower") was negligent in its handling of the renovation and repair of the Franklin Tower Building, in failing to properly warn plaintiff's insureds of the dangerous conditions at the premises which they knew, or should have known, existed, and in  creating an unreasonable risk of harm to plaintiff's insureds' property. American Insurance Company respectfully requests that this Court deny the Motion for Summary Judgment of Franklin Tower Condominium, which alleges that waivers of subrogation contained in the Condominium documents bar plaintiff's claims.

Resolution of this Motion requires determining the intent of the Unit Owners (insured by plaintiff) and the Franklin Tower Condominium, as expressed in the Condominium Documents.

## LEGAL ARGUMENT

### A.    Standard for Entry of Summary Judgment

Summary judgment is not appropriate when the terms of a contract are ambiguous. *E.R. Squibb & Sons, Inc. v. Lloyd's and Companies*, 241 F.3d 154 (2d Cir. 2001).  Where the issue on summary judgment concerns the interpretation of a contract, the Court shall determine, as a matter of law, whether the contract is clear on its face, or whether its terms are so ambiguous as to require additional proof demonstrating the subjective intent of the parties when they entered into the contract. *Tokio Marine & Fire Ins. Co., Ltd. v. McDonnell Douglas Corp.*, 617 F.2d 936, 940 (2d Cir. 1980).  Where the language used is susceptible to differing interpretations, the meaning of the words become an issue of fact and summary judgment is inappropriate, since it is only when there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of law. *Seiden Assoc., Inc. v. ANC Holdings, Inc.*, 959 F.2d 425, 428 (2d Cir. 1992).

A court may grant summary judgment "only if the evidence, viewed in the light most favorable to the party opposing the motion, presents no genuine issue of material fact." *Terminate Control Corporation v. Horowitz*, 28 F.3d 1335, 1352 (2d Cir. 1994), *quoting Cable Science Corp. v. Rochdale Village, Inc.*, 920 F.2d 147, 151 (2d Cir. 1990); see also Fed. R. Civ. P. 56(c).  The Court must, however, resolve all ambiguities and draw all reasonable inferences in the light most favorable to the party opposing the motion. *See Institute for Shipboard Education v. Cigna Worldwide Insurance Co.*, 22 F.3d 414, 418 (2d Cir. 1994); *Twin Laboratories, Inc. v. Weider Health & Fitness*, 900 F.2d 566, 568 (2d Cir. 1990). *Sackman v. Liggett Group*, 167 F.R.D. 6 (E.D.N.Y. 1996).

**B.    The Condominium Documents Are Ambiguous Regarding Waiver of Subrogation**

The primary issue in this Motion is whether the Condominium Declaration, the By-Laws and the Condominium Offering (collectively the "Condominium Documents") articulate a binding waiver of American Insurance Company's subrogation rights. In the Condominium Documents, there is no language to the effect that "the parties agree to waive all rights against each other to the extent of insurance," or "the parties hereby waive the right to recover from each other any damage or loss occasioned by hazards compensated by insurance," phrases which commonly indicate the intent to waive subrogation. Instead, the Board of Managers offers a suggestion to the Unit Owners to obtain personal insurance, advice that the Unit Owners may accept or reject. The documents do not articulate an affirmative obligation requiring Mariah Carey and Sinclair Beecham to obtain insurance in addition to the property insurance covered by Franklin Tower's policy, or to agree to a waiver of subrogation in the event of a loss. The Unit Owners are "advised" to obtain personal insurance at their option, but the suggestion never rises to an obligation or the relinquishing of a known right. Moreover, the Condominium Documents are unclear as to what the Board of Managers' obligation is with regard to waiver of subrogation.

### 1.    The Unit Owners' Insurance Obligations

When the Declaration, Condominium Offering and By-Laws are read together, it is clear that the Unit Owners were required to pay a designated portion of the cost of maintaining insurance on the Condominium. The Condominium Offering describes a comprehensive insurance scheme to protect the interests of the Condominium and those of the individual Unit Owners.[1] Pages 40-42 of the Condominium Offering details the various types of insurance, including property insurance, that the Board of Managers agree to obtain and maintain for

---

[1] The Condominium Offering is attached as Exhibit "B" to Defendant's Affidavit of Frederick Wodin, and consists of 543 pages. For the Court's convenience, plaintiff provides true and correct copies of the relevant pages as Exhibits to the Opposition Affidavit of Mark E. Opalisky, Esq.

Franklin Tower. A true and correct copy of pages 40-42 of the Condominium Offering is attached hereto as Exhibit A.

The Unit Owners were not required or contractually obligated, however, to obtain insurance beyond what was purchased for the Condominium. The Board of Managers "advised" the Unit Owners to obtain additional insurance, as the Property/Fire insurance carried by Franklin Tower did not cover the furniture, furnishing or other personal property of the individual Unit Owners:

> Unit Owners are advised to obtain at their own cost the following insurance, since it will not be provided by the Condominium: (i) liability coverage for occurrences within their respective Units and (ii) all-risk coverage for losses relating to Unit contents, replacement, additions, fixtures and improvements.

Condominium Offering at p. 41, attached hereto as Exhibit A.

The provision set forth above simply advises the Unit Owner and provides a suggestion regarding personal coverage. It is does not unambiguously state that Unit Owners, in purchasing their respective units, agree to waive subrogation rights against the Condominium.

The absence of mandate is underscored in the By-Laws of the Condominium, at Article V, Section 2, which also detail the types of coverage that Franklin Tower agrees to maintain, including fire insurance. *See* Exhibit A to Affidavit of Frederick Wodin at p. 37. The Condominium's fire insurance covers all Units, but excludes coverage for "machinery, appliances, fixtures, furniture, furnishings or other personal property within a Unit." The By-Laws offer the Unit Owners the option of obtaining additional insurance coverage:

> Each Unit Owner *may* carry supplemental or additional insurance for his own benefit, provided that all such policies shall contain waivers of subrogation, and further provided that the liability of the carriers issuing insurance obtained by the Board of Managers shall not be affected or diminished by reason of any such supplemental or additional insurance. (Emphasis added).

By-Laws, Article V, Section 2 at p. 38, attached as Exhibit A to Affidavit of Frederick Wodin.

Article V, Section 2 does not create a requirement or agreement to waive subrogation. It simply states what the Unit Owner *may* do with regard to supplemental insurance. Moreover, the provision preserves the liability of the insurance carriers for the Condominium, expressing the second condition that their liability *shall not* be affected or diminished.

Where the waiver of subrogation is not manifestly a binding requirement, or where there is uncertainty as to the intent of the parties or the effectiveness of the waiver, summary judgment must be denied. In *Sutton Hill Associates v. Landes,* 775 F. Supp. 682 (S.D.N.Y. 1991), the U.S. District Court denied summary judgment to a lessee after a roof collapse caused damage to a building. The court found that there was no explicit waiver in the written lease, contrasting other cases where the waiver of subrogation was clear and unambiguous.

The court noted, for example, that in *S.S.D.W. Co. v. Brisk Waterproofing Co.,* 76 N.Y.2d 228, 232, 557 N.Y.S.2d 290, 291 (1990), the waiver of subrogation in the contract provided that "the Owner and Contractor waive all rights against each other." In *Board of Education v. Valden Assoc., Inc.,* 46 N.Y.2d 653, 416 N.Y.S. 2d 202, 389 N.E.2d 798 (1979), the contract stated that "Owner, Contractor, and all subcontractors waive all rights, each against the others." Contrasting the explicit language of such contracts, the court in *Sutton Hill Associates* held that the lease language at issue did not establish a waiver and denied summary judgment to the tenant. 775 F. Supp. At 690.

As in *Sutton Hill Associates,* the Condominium Offering and By-Laws in this case do not clearly and unambiguously state that the Condominium and the Unit Owners agreed to look only to insurance and to waive all subrogation rights of their insurers.

A recent case involving a commercial lease exemplifies the type of language that unambiguously expresses an intent to waive subrogation. The Lease contained a waiver of subrogation clause which read as follows:

5

> Landlord and Tenant, respectively, hereby waive the right to
> recover from each other any damage or loss occasioned by hazards
> compensated by insurance (excluding liability insurance),
> regardless of whether said damage or loss resulted from the
> negligence of either party, their officers, employees, agents or
> otherwise and said parties do hereby waive the right to subrogate
> any insurance carrier or other party to their respective rights of
> recovery against each other in any event.

*Indian Harbor Ins. Co. v. Dorit Baxter Skin Care, Inc.*, 430 F. Supp. 2d 183, 190 (S.D.N.Y. 2006). The Court held that such language "demonstrates an intent to have the provision encompass all claims of any kind, provided it is compensable by insurance." *Id.*

The intent of the parties with regard to subrogation in this case is not clear. It is further muddied by provisions in the Contract Documents that address the respective insurance obligations of the Condominium.

### 2.    Franklin Tower's Insurance Obligations

It is not clear from the Condominium Documents whether Franklin Tower intended to waive subrogation against the Unit Owners, or to simply aspire to obtain a waiver if it was financially feasible. At one pointing the Condominium Documents, the description of the insurance to be maintained by Franklin Tower is silent on any obligation to waive of subrogation:

> The Condominium shall maintain fire insurance policies insuring
> the Building (but not including appliances or any furniture,
> furnishings or other personal property in the Unit) covering the
> interests of the Condominium, the Board, all the unit Owners and
> their mortgagees as their respective interests may appear, in an
> amount equal to at least eighty percent of the full replacement
> value of the Building....Each Unit Owner is advised to insure the
> interior of his own Unit and the contents thereof, including
> appliances, furniture, furnishings, or other personal property within
> the Unit. In addition, a Unit Owner may desire to obtain insurance
> covering his liability to others for personal injury or property
> damage occurring within or to his Unit.

Condominium Offering at p. 10, attached hereto as Exhibit B.

6

The section of the By-Laws that discusses damage and losses caused by fire or other

casualties also omits any reference to subrogation or waiver of subrogation:

> **Section 3. <u>Repair and Replacement After Fire and Other
> Casualty.</u>** In the event of damage to or destruction of the Building
> as a result of fire or other casualty…..the Board of Managers shall
> arrange for the prompt repair and restoration of the Building
> including the Units but excluding any machinery, appliances,
> furniture, furnishings (including wall, ceiling and floor decorations
> and coverings), fixtures or equipment in the Units……

Exhibit A to Defendant's Affidavit of Frederick Wodin at p. 38. Franklin Tower improperly

argues in its Rule 56.1 Statement of Facts that Section 3, above, "contains a subrogation waiver,"

and allocates the risk of personal property loss to the Unit Owner. *See* paragraph 13. In addition

to being improper in a Statement of Facts, these conclusions are erroneous. Section 3 simply

limits the Board of Manager's responsibility for repairing or replacing the Unit Owners' personal

property.

Later in the Condominium Offering, the language seems to obligate Franklin Tower to

obtain fire, casualty and liability insurance, each containing a provision that "subrogation against

each Unit Owner is waived." Condominium Offering at p. 41, attached hereto as Exhibit A.

At other points in the Condominium Offering, the obligation is qualified by financial

reasonability. On pages 101 and 345, the Board is required to obtain waivers of subrogation on

"all policies of physical damage insurance," but only "to the extent obtainable at reasonable

rates." Condominium Offering at p. 101-102, attached hereto as Exhibit C; Condominium

Offering at p. 344-345, attached hereto as Exhibit D.

The By-Laws of the Condominium, at Article V, Section 2 also incorporate a qualified

agreement to obtain waivers of subrogation on "all policies of physical damage insurance," but

only "to the extent obtainable at reasonable rates." By-Laws, Article V, Section 2 at p. 38,

attached as Exhibit A to Affidavit of Frederick Wodin.

A Unit Owner reading the By-Laws and the Condominium Offering would find conflicting statements as to whether the Board of Managers was under a firm obligation to obtain a Fire/Property policy with a waiver of subrogation or whether the Board was required merely research the financial reasonability of obtaining such a waiver. The Franklin Tower Condominium has not produced its insurance policy in this case, so it is not clear a waiver of subrogation was made part of the policy. In short, the Condominium Documents do not clearly and unambiguously establish that the parties intended to waive subrogation. Accordingly, summary judgment is not appropriate and must be denied.

C.    **The Cases Cited By Franklin Tower in Support of Summary Judgment Are Distinguishable, as The Parties Therein Clearly Expressed an Intent to Waive Subrogation**

Franklin Tower has cited a series of cases involving contract language that clearly and expressly states the parties' intent. *Allianz Insurance Company v. Structure Tone*, 2005 U.S. Dist. LEXIS 44839 (S.D.N.Y. 2005), involved a construction contract which stated:

> The Owner and Contractor waive all rights against (1) each other and any of their subcontractors, sub-subcontractors, agents and employees, each of the other ... for damages caused by fire or other perils to the extent covered by property insurance obtained pursuant to this Paragraph 11.3 or other property insurance applicable to the Work, except such rights as they have to proceeds of such insurance held by the Owner as fiduciary.... The policies shall provide such waivers of subrogation by endorsement or otherwise. A waiver of subrogation shall be effective as to a person or entity even though that person or entity would otherwise have a duty of indemnification, contractual or otherwise....

*Id.* The *Allianz* case underscores the point that a waiver of subrogation will be enforced where it is clearly and unequivocally expressed as an obligation acknowledged by the parties.

*Am. Motorist Ins. Co. v. Morris Goldman Real Estate*, 277 F.Supp.2d 304, 308 (S.D.N.Y. 2003) involved a lease between a landlord and tenant, stating:

> Nothing contained hereinabove shall relieve [tenant] from liability that may exist as a result of damage from fire or other casualty.

> Notwithstanding the foregoing, *each party shall look first to any insurance in its favor before making any claim against the other party for recovery for loss or damage resulting from fire or other casualty, and to the extent that such insurance is in force and collectible and to the extent permitted by law, [landlord] and [tenant] each hereby releases and waives all right of recovery against the other or any one claiming through or under each of them by way of subrogation or otherwise.*

*Id.* The Condominium Documents, on the other hand, lack any statement to the effect of "each party hereby releases and waives all right of recovery against the other."

*Kaf-Kaf, Inc. v. Rodless Decorations*, 90 N.Y.2d 654 (N.Y. 1997) involved a commercial lease that stated:

> ....each party shall look first to any insurance in its favor before making any claim against the other party for recovery of loss or damage resulting from fire or other casualty, and to the extent that such insurance is in force and collectible and to the extent permitted by law, Landlord and Tenant each hereby releases and waives all right of recovery against the other or any one claiming through or under each of them by way of subrogation or otherwise.

Plaintiff urges this Court to examine this line of cases and determine that *Agostinelli v. Stein, et al.,* 17 A.D.3d 982, 794 N.Y.S.2d 759 (A.D. 2005) is an aberration. Judge Lawton, in his concurring opinion, wrote that the majority erred in equating the provision in the bylaws requiring that the owners' insurance policies, *if obtained*, must contain a waiver of subrogation to a requirement in a lease that the tenant waive any claims against the owner:

> The requirement at issue herein, i.e. that a policy of insurance obtained by a unet holder must contain a waiver of subrogation clasue, merely places a duty on the unit owners and does not create the waiver of liability at issue in *Kaf-Kaf, Inc.*

*Agostinelli, supra.,* 17 A.D.3d at 986, 794 N.Y.S.2d at 764.

Continental Insurance Company v. 115-123 West 29th Street Owners Corp., 275 A.D.2d 604, 713 N.Y.S.2d 38 (1st Dep't 2000), is in accord with the Judge Lawton's concurring opinion in *Agostinelli*. In that case, summary judgment was denied where the court found that the parties

9

failed to identify any language in the policy that actually effected a waiver of subrogation against the landlord, which was the condition for the release of the lessor.

## CONCLUSION

The evidence produced by the Franklin Tower Condominium fails to establish the absence of a material fact as to whether the Contract Documents expressed the clear intent of the parties to waive subrogation. In order to uphold and enforce a waiver of subrogation, New York state and federal courts require a clear expression of the parties intent. In the absence of such intent, and in viewing the evidence in a light most favorable to the non-moving party, summary judgment is not proper. Plaintiff therefore respectfully requests that this Court deny defendant's Motion.

Dated: July 16, 2008

<div style="margin-left:40%;">

Respectfully submitted,
COZEN O'CONNOR
By: _Mark E. Opalisky_
Mark E. Opalisky, Esquire
Kathleen P. Loughhead, Esq.
1900 Market Street
Philadelphia, PA 19103
(215) 665-2729
Attorneys for Plaintiff

</div>

Local Counsel:
Robert W. Phelan, Esquire (RP3825)
45 Broadway, Suite 1600
New York NY 10006
212-908-1274

PHILADELPHIA\3767596\1 207066.000