# Exhibit A

*Judge Pauley*

ROBERT W. PHELAN (RP-3825)
COZEN O'CONNOR
ATTORNEYS FOR PLAINTIFF
45 BROADWAY ATRIUM, 16TH FLOOR
NEW YORK, NEW YORK 10006
212-509-9400



COPY
07 CIV 8604

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

AMERICAN INSURANCE COMPANY
a/s/o Mariah Carey, 777 San Marin Drive
Novato, California 94998

                           Plaintiff,

                           v.

CORN ASSOCIATES LLC
86 Chambers Street, Suite 704
New York, New York 10007
                     and

THE FRANKLIN TOWER CONDOMINIUM
380 Lexington Avenue
New York, New York 10168

                     and

KATZ METAL FABRICATORS INC.
434 E. 165th St.
Bronx, New York 10456

                     and

OLYMPIC PLUMBING AND HEATING
III CORP.
233-08 Linden Boulevard
Cambria Heights, New York 11411

                     and

SAMCO PLUMBING, INC.,
36-20 13th Street
Long Island City, New York 11106

                          Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**



OCT 0 4 2007
U.S.D.C. S.D.N.Y.
CASHIERS

Plaintiff, American Insurance Company, as subrogee of Mariah Carey, by and through its attorneys, herein alleges the following:

## PARTIES

1. American Insurance Company is a corporation organized and existing under the laws of the State of California, with a principal place of business located at 777 San Marin Drive, Novato, California 94998.

2. At all times material to this action, American Insurance Company was duly authorized to issues polices of insurance in the State of New York.

3. Plaintiff's insured, Mariah Carey, owned a 10,500 square-foot unit on the 16th and 17th floors of the Franklin Tower Condominium, located at 90 Franklin Street, New York, New York (the "Carey Condominium").

4. Plaintiff insured the Carey Condominium pursuant to the terms and conditions of policy number NZF-02663581 (the "American Policy"), insuring against property damage, including water damage and mold infestation.

5. Defendant, Franklin Tower Condominium, is a condominium association organized and existing under the laws of the state of New York.

6. At all times material to this action, Franklin Tower Condominium owned the common areas of the building known as Franklin Tower, located at 90 Franklin Street, New York, New York.

7.  Defendant, Corn Associates LLC is a limited liability company organized and existing under the laws of the state of New York, with a principal place of business located at 86 Chambers Street, Suite 704, New York, New York 10007.

8.  At all times material to this action, upon information and belief, Corn Associates was a real estate developer engaged, *inter alia*, in the business of converting existing buildings into condominiums in New York City.

9.  In or around 1999 and prior to April 2, 2005, Corn Associates developed an existing office building at 90 Franklin Street, New York, New York, converting it into luxury apartments.

10. Defendant, Katz Metal Fabricators Inc., is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 434 E. 165th Street, Bronx, New York 10456.

11. At all times material to this action, upon information and belief, Katz Metal Fabricators Inc. was in the business of metal fabrication.

12. Prior to April 2, 2005, Katz Metal Fabricators was retained to renovate and repair the Franklin Tower Building, which included working on an existing rooftop gravity water tank and associated appurtenances (the "Water Tank").

13. Defendant Olympic Plumbing & Heating III Corp. ("Olympic Plumbing") is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 233-08 Linden Boulevard, Cambria Heights, New York 11411.

14. At all times material to this action, upon information and belief, Olympic Plumbing was in the business of repairing, installing and renovating water delivery and plumbing systems.

15. Prior to April 2, 2005, Olympic Plumbing was retained to renovate and repair the Franklin Tower Building, which included working on the Water Tank.

16. Defendant, Samco Plumbing, Inc. is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 36-20 13th Street, Long Island City, New York 11106.

17. At all times material to this action, upon information and belief, Samco Plumbing was in the business of repairing, installing and renovating water delivery and plumbing systems.

18. Prior to April 2, 2005, Olympic Plumbing was retained to renovate and repair the Franklin Tower Building, which included working on the Water Tank.

## JURISDICTION

19. The jurisdiction of this Court is proper pursuant to 28 U.S.C. §1332, as this action is between citizens of different states and the amount in controversy, exclusive of interest and cost, exceeds the sum of seventy-five thousand dollars ($75,000.00).

20. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391, as the events or omissions giving rise to the claims at issue occurred within the district, and defendants are subject to personal jurisdiction within the district.

## GENERAL ALLEGATIONS

21. Plaintiff incorporates by reference the allegations of the preceding paragraphs, as fully as though set forth herein.

22. On April 2, 2005, the Water Tank overflowed on the roof of the Franklin Tower Building, causing large amounts of water to flow into an abandoned, uncapped fill pipe in the ceiling of the Carey Condominium and flood the residence.

23. Large amounts of water flowed down and into the 16th and 17th floors of the Carey Condominium, causing severe damage to the real and personal property of Mariah Carey.

24. Because of the water damage and mold infestation caused by the flood, Ms. Carey was required to move out of her condominium until the damage was repaired.

25. As a result of the flooding, Mariah Carey sustained extensive damage to her property and incurred extra expenses, the fair and reasonable value of which is in excess of $1.47 million.

26. American Insurance Company paid, pursuant to the terms and conditions of the American Policy, an amount in excess of $1.47 million for the damage and loss sustained, and is, therefore, entitled to recover that amount in this action pursuant to its rights of subrogation.

## COUNT I – NEGLIGENCE
### American Insurance Company v. Franklin Tower Condominium

27. Plaintiff incorporates by reference the allegations of the preceding paragraphs, as fully as though set forth herein.

28. The flood and resulting damages were proximately caused by the negligent, careless and/or reckless acts and omissions of defendant, Franklin Tower Condominium, by and through its agents, employees and/or workmen, acting within the scope and course of their employment, in:

    a. failing to inspect, maintain and repair the Water Tank and water delivery system on the rooftop of the Franklin Tower Condominium

    b. failing to hire proper and adequate employees, agents and/or contractors;

    c. failing to perform its work at the premises in conformity with good practice, industry standards and due care;

    d. failing to properly warn plaintiff's insured of the dangerous conditions at the premises which they knew, or should have known, existed and creating an unreasonable risk of harm to plaintiff's insured's property;

    e. failing to warn plaintiff's insured of the design and construction deficiencies in the Franklin Tower Condominium, about which defendant knew or reasonably should have been aware;

    f. failing to take adequate and necessary precautions to prevent a flood from the rooftop Water Tank;

    g. failing to adequately supervise and inspect the work performed at the Franklin Tower Condominium;

    h. otherwise failing to exercise reasonable care under the circumstances.

29. As a direct and proximate result of the foregoing negligence, carelessness and recklessness of the defendant, Franklin Tower Condominium, the flood in question and the resulting damages occurred.

WHEREFORE, American Insurance Company demands judgment against defendant, Franklin Tower Condominium in an amount in excess of $1.47 million, plus interest, damages for delay and the costs to prosecute this action.

## COUNT II – NEGLIGENCE
### American Insurance Company v. Corn Associates LLC

30. Plaintiff incorporates by reference the allegations of the preceding paragraphs, as fully as though set forth herein.

31. The flood and resulting damages were proximately caused by the negligent, careless and/or reckless acts and omissions of defendant, Corn Associates LLC, by and through its agents, employees and/or workmen, acting within the scope and course of their employment, in:

    a. failing to exercise reasonable care in the design, development, conversion, renovation and repair of the Franklin Tower Building;

    b. failing to hire proper and adequate employees, agents and/or contractors;

    c. failing to perform its work at the premises in conformity with good practice, industry standards and due care;

    d. failing to properly warn plaintiff's insured of the dangerous conditions at the premises which they knew, or should have known, existed and creating an unreasonable risk of harm to plaintiff's insured's property;

    e. failing to comply with and conform to good architectural and engineering practice in the design, development, conversion, renovation and repair of the Franklin Tower Condominium;

    f. failing to design and/or provide for a proper and appropriate water delivery system for the Franklin Tower Condominium as required by applicable codes and good architectural and engineering practice;

    g. failing to warn plaintiff's insured of the design and construction deficiencies in the Franklin Tower Condominium, about which defendant knew or reasonably should have been aware;

    h. designing and/or constructing the Franklin Tower Condominium in a manner that created an unreasonable risk of flood and water damage;

    i. designing and/or constructing the Franklin Tower Condominium in a manner that was unfit for habitation;

j. failing to take adequate and necessary precautions to prevent a flood from the rooftop Water Tank;

k. failing to adequately supervise and inspect the work performed at the Franklin Tower Condominium;

l. failing to recommend and/or perform other necessary and appropriate work to ensure that the Franklin Tower Condominium was designed and constructed in a safe manner; and

m. otherwise failing to exercise reasonable care under the circumstances.

32. As a direct and proximate result of the foregoing negligence, carelessness and recklessness of the defendant, Corn Associates, Inc., the flood in question and the resulting damages occurred.

WHEREFORE, American Insurance Company demands judgment against defendant, Corn Associates, Inc., in an amount in excess of $1.47 million, plus interest, damages for delay and the costs to prosecute this action.

### COUNT III – NEGLIGENCE
**American Insurance Company v. Katz Metal Fabricators, Inc., Olympic Plumbing and Heating III Corp. and Samco Plumbing, Inc.**

33. Plaintiff incorporates by reference the allegations of the preceding paragraphs, as fully as though set forth herein.

34. The flood and resulting damages were proximately caused by the negligent, careless and/or reckless acts and omissions of defendants Katz Metal Fabricators, Olympic Plumbing and Heating III Corp. and Samco Plumbing, Inc., by and through their agents, employees and/or workmen, acting within the scope and course of their employment, in:

a. improperly renovating, repairing, reconfiguring, inspecting and testing the rooftop water storage system at the Franklin Tower Building, including the Water Tank and its structural components, members, piping and appurtenances, so as to cause or allow the tank to flood into the floors below, under expected, foreseeable and anticipated conditions;

8

b. failing to cap the fill pipe leading from the Water Tank to the 17th floor, thereby creating a foreseeable risk of flooding during expected, foreseeable and anticipated conditions;

c. failing to close the control valves to the fill pipe, thereby creating a foreseeable risk of flooding during expected, foreseeable and anticipated conditions;

d. failing to implement and/or connect a high water level safety float;

e. allowing a defective water storage system to operate on the roof of the Franklin Tower Condominium;

f. failing to properly supervise, hire, train and oversee the conduct, activities and operations of their employees, agents, servants, workmen, contractors and subcontractors in connection with the renovation and/or repair of the water storage system on the roof of the Franklin Tower Condominium;

g. failing to exercise due care while providing renovation and/or repair services in connection with the Franklin Tower Condominium development;

h. failing to render their services in a good and workmanlike manner; and

i. otherwise failing to exercise due care as may be disclosed in the course of discovery.

WHEREFORE, American Insurance Company demands judgment against defendants, Katz Metal Fabricators, Inc., Olympic Plumbing and Heating III Corp., and Samco Plumbing, Inc. for an amount in excess of $1.47 million, plus interest, damages for delay and the costs to prosecute this action.

Dated: New York, New York
October 3, 2007

                                  COZEN O'CONNOR
*Attorneys for Plaintiff, American Insurance Company as subrogee of Mariah Carey*

By: _____
Robert W. Phelan, Esq. (RP-3825)
45 Broadway, 16th Floor
New York, New York 10006
(212) 509-9400

9

**OF COUNSEL**

Mark Opalisky, Esquire
Kathleen Loughhead, Esquire
Cozen O'Connor
1900 Market Street
Philadelphia, Pennsylvania 19103
(215) 665-2000

NEWYORK_DOWNTOWN\258377\1  207066.000