UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
AMERICAN INSURANCE COMPANY
a/s/o Mariah Carey, and SINCLAIR C.S.
BEECHAM,

                         Plaintiff,

      -against-

CORN ASSOCIATES LLC, THE FRANKLIN TOWER    Docket No.: 1:07 CV 08604
CONDOMINIUM, KATZ METAL FABRICATORS, INC.,         (WHP)(AJP)
OLYMPIC PLUMBING AND HEATING III CORP.,
and SAMCO PLUMBING, INC.,

                         Defendants.
---------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW
## IN SUPPORT OF THE MOTION OF DEFENDANT,
## KATZ METAL FABRICATORS, INC.

MURPHY & HIGGINS, LLP
Attorneys for Defendant
KATZ METAL FABRICATORS, INC.
1 Radisson Plaza, 9th FL.
New Rochelle, NY   10801
(914) 712-1100

On the Brief:
RICHARD S. KAYE, ESQ.
(RSK-8726)

## **TABLE OF AUTHORITIES**

### **CASES**

|  | Page |
|---|---|
| Board of Managers of Yardarm Beach Condominium v. Vector Yardarm Corp., 109 A.D.2d 684, 487 N.Y.S.2d 17 (1st Dept., 1985) . . . | 4 |
| Brooklyn Union Gas Company v. Hunter Turbo Corp., 241 A.D.2d 505, 660 N.YlS.2d 877 (2nd Dept., 1997) . . . . . . . | 2 |
| City of New York v. Cotroneo & Marino's United Electric Co., Inc., 269 A.D.2d 154, 703 N.Y.S.2d 79 (1st Dept., 2000) . . . . . . . | 1 |
| Gianakakos v. Commodore Home Systems, Inc., 285 A.D.2d 907, 727 N.Y.S.2d 806 (3rd Dept., 2001) . . . | 2 |
| Harbour Pointe Village Homeowner's Assoc., Inc. v. Marrano/Marc Equity Joint Venture, 185 A.D.2d 648, 586 N.Y.S.2d 55 (4th Dept., 1992) . . . . . | 3 |
| Royal Insurance Co. V. Ru-Val Electric Corp., 918 F.Supp. 649 (E.D.N.Y. 1996) . . . . . | 3 |
| Suffolk County Water Authority v. J.D. Posillico, 267 A.D.2d 301, 700 N.Y.S.2d 45 (2nd Dept., 1999) . . . | 3 |

## INTRODUCTION

This Memorandum of Law is submitted in reply to the affidavit in opposition and supporting memorandum of law submitted on behalf of the plaintiff, AMERICAN INSURANCE COMPANY. It is also submitted in further support of this defendant's motion for summary judgment dated June 3, 2008.

## LEGAL ARGUMENT

The plaintiff's citation of <u>City School District of City of Newburgh v. Stubbins & Associates</u>, 85 N.Y.2d 535, 626 N.Y.S.2d 741 (1995), a case relied upon by this defendant in its original motion, signifies the plaintiff's acknowledgment that there is a distinction, for statute of limitations purposes, based on the category of the claim. As written in <u>City School District</u>, supra, "[I]n cases against architects or <u>contractors</u>, the accrual date for Statute of Limitations purposes is completion of performance". (Citations omitted) (emphasis added). This distinction was affirmed five years later by the Appellate Division, First Department, in <u>City of New York v. Cotroneo & Marino's United Electric Co., Inc.</u>, 269 A.D.2d 154, 703 N.Y.S.2d 79 (2000) where, in a case involving action for payment due under a construction contract, the Court held "cases against contractors fixing accrual upon completion of the work (e.g., City School Dist. v. Stubbins & Assocs., 85 N.Y.2d 535, 626 N.Y.S.2d 741, 650 N.E.2d 399) are distinguishable in that they involve claims for defective construction." KATZ METAL FABRICATORS, a heating, ventilation and air conditioning

contractor whose work was completed in August, 2000, is entitled, therefore, to dismissal against it of the claims for defective construction which were not interposed until October 4, 2007, more than seven (7) years after the completion date.

The plaintiff's case references in opposition to the motion are unavailing. The case of Brooklyn Union Gas Company v. Hunter Turbo Corp., 241 A.D.2d 505, 660 N.Y.S.2d 877 (2nd Dept., 1997) involved claims for negligence and product liability which, concededly, have an accrual date of three (3) years from the date of injury. Brooklyn Union Gas, supra, however, did not involve claims for defective construction which, as we pointed out above, are a niche category of action which mandate that any claim arising therefrom be commenced within three (3) years from the date of the completion of the work. Moreover, Brooklyn Union Gas, supra, a 1997 case, was clearly abrogated by the 2004 Second Department case of Manhattanville College v. James John Romeo Consulting Engineer, P.C., 5 A.D.3d 637, 774 N.Y.S.2d 542, wherein it was held:

> "Similarly, the plaintiff's negligent installation claims asserted against Peco, whether sounding in contract or in tort, also accrued upon completion of the installation of the Boiler System and are therefore time-barred." (Citations omitted).

Similarly, plaintiff's reliance upon Gianakakos v. Commodore Home Systems, Inc., 285 A.D.2d 907, 727 N.Y.S.2d 806 (Third Dept., 2001) is unavailing and, in fact, supportive of the defendant's position. In that case, involving a claim for property damage arising out of the explosion of a furnace in the plaintiff's home, the defendant succeeded in gaining dismissal of the plaintiff's action on statute of limitations grounds the Court finding, inter

2

alia, that the claim against the defendant contractor of inadequate installation of the insulation around the boiler accrued on the date of delivery in October 1991, not in January 1992 when the furnace exploded and the damage was sustained.

Nor does the absence of a direct contractual relationship between the plaintiff and its subrogors and KATZ METAL FABRICATORS, INC., require a different result. The existence of a construction contract between an owner and contractor merely affords an aggrieved plaintiff the right to seek recovery under a breach of contract theory (6 years from substantial completion of the work) in addition to the negligence claim (3 years from the completion of the work). Suffolk County Water Authority v. J.D. Posillico, Inc., 267 A.D.2d 301, 700 N.Y.S.2d 45 (2nd Dept., 1999). Where, as here, there is no direct contractual relationship between the plaintiff and the defendant in a claim for defective construction, the plaintiff is not entitled to assert a six-year statute of limitations. Harbour Pointe Village Homeowners Association, Inc. v. Marrano/Marc Equity Joint Venture, 185 A.D.2d 648, 586 N.Y.S.2d 55 (4th Dept., 1992). No state court precedent requires, as plaintiff argues, that there be privity of contract between a plaintiff and defendant contractor for the "three-year from date of completion" statute of limitations to appertain. Senior District Judge Weinstein recognized this when he wrote, in Royal Insurance Company of America v. Ru-Val Electric Corp., 918 F.Supp. 647 (E.D.N.Y., 1966):

> "The owner need not have been in a direct contractual relationship with the defendant for the completion rule to apply."

3

We respectfully refer the Court to Board of Managers of Yardarm Beach Condominium v. Vector Yardarm Corporation, 109 A.D.2d 684, 487 N.Y.S.2d 17 (1st Dept., 1985) which is akin to the facts in this case. In Board of Managers, supra, the condominium owners (similar to Ms. Carey and Mr. Beecham) brought a claim for damages arising out of alleged construction defects. The construction contract between the defendants and pursuant to which the defendants performed their work was made in 1974. The condominiums were completed and a certificate of occupancy was issued in November 1976. The owners then presumably moved in. Some three years later, several owners began to notice "excessive deterioration" of their units. In June 1982, a representative action on behalf of the owners was commenced against the defendants for breach of contract, breach of warranty and negligent construction. The Appellate Division, in reversing the motion court which had denied a motion to dismiss on statute of limitations grounds, relied upon the rule of law that 'cause of action accrues only when the forces wrongfully put in motion produce injury', citing Schmidt v. Merchants Despatch Transportation Co., 270 N.Y. 287. Noting that the owners had no contractual relationship with the defendants, the Appellate Division held that the claims sounded in simple negligence and that the three-year statute of limitations from "completion" was the rule to be applied and all claims interposed more than three years after completion of the work were dismissed.

A similar finding was made in Gelwicks v. Campbell, 257 A.D.2d 601, 684 N.Y.S.2d 264 (2nd Dept., 1999) which, significantly, post-dates the Court of Appeals decision in City

School District, supra.   In Gelwicks, supra, the defendant, in December 1992, certified a septic system on a piece of real property located in Westchester County.  The plaintiffs did not purchase the property until July 1996 and did not notice defects in the septic system until the calendar year 1997.  They commenced an action on or about December 4, 1997, seeking damages for the improper design and certification of the septic system.  There, as here, there was no direct contractual relationship between the plaintiff and the defendant.  Reversing the motion court which denied a motion to dismiss on statute of limitations grounds, the Appellate Division held that "the cause of action in this matter accrued upon the completion of the defendant's work, citing Board of Managers of Yardarm Beach, supra.

As stated, there is no state court case which holds that the "completion statute of limitations" is different for contracting owners versus non-contracting owners who seek recovery for property damage arising out of construction defects.  To make such a distinction would exult form over substance; nowhere is it written that a non-contracting party is to be afforded a longer period within which to commence a property damage claim arising out of a construction defect than is a party who was a signatory to a written contract.  The pertinence of a contract merely creates a basis for a claim for breach of contract which may, based upon the underlying facts, be in addition to a claim in negligence.

Were this Court to find otherwise, we nevertheless submit that Ms. Carey and Mr. Beecham were beneficiaries of any contract pursuant to which KATZ METAL FABRICATORS performed its work.  KATZ METAL FABRICATORS installed a Baltimore Cooling Tower on

the roof of the premises which was an integral part of the air conditioning system for the entire building including the individual condominium units owned by these subrogors. KATZ METAL FABRICATORS installed duct work and vents in each condominium unit along with vacuum and pressure pumps for the benefit of these eventual owners. It also installed tubs, ice-makers, sinks, water closet tanks and other appurtenances for the benefit of the individual owners. These items constitute "Service Equipment" as defined in Section 11, page 14, of the Declaration Establishing a Plan for Condominium Ownership, a copy of which was annexed as Exhibit "A" to the affidavit of Frederick Wodin, Vice President of The Board of Managers, in support of the co-defendant's motion for summary judgment.

In light of all of the above, it is respectfully submitted that the plaintiff's action against KATZ METAL FABRICATORS is time barred and the action against it should be dismissed as a matter of law.

Dated: New Rochelle, NY
      July 22, 2008

                                              _____
                                              RICHARD S. KAYE  (RSK-8726)