UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————X

AMERICAN INSURANCE COMPANY a/s/o
MARIAH CAREY,

                              Plaintiff,

        - against -

CORN ASSOCIATES, LLC, THE FRANKLIN TOWER
CONDOMINIUM, KATZ METAL FABRICATORS, INC.,
OLYMPIC PLUMBING AND HEATING III CORP.,
and SAMCO PLUMBING, INC.,

                              Defendants.
———————————————————————X

Case No.: 07-CIV 8604
(WHP) (AJP)

## DEFENDANT THE FRANKLIN TOWER CONDOMINIUM'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Respectfully submitted,

WHITE FLEISCHNER & FINO, LLP

Attorneys for Defendant
The Franklin Tower Condominium
61 Broadway - 18th Floor
New York, New York 10006
(212) 487-9700
Our File No.: 179-13150-PAF/JTG

*Of Counsel*
Jared T. Greisman

## TABLE OF CONTENTS

**Page**

INTRODUCTION .................................................................................................. 1

LEGAL ARGUMENT .......................................................................................... 1

    POINT I:    THE FRANKLIN TOWER BY-LAWS AND CONDOMINIUM OFFERING PLAN CONTAIN UNAMBIGUOUS AND ENFORCEABLE SUBROGATIION WAIVERS ................................................... 1

    POINT II:    WHETHER THE FRANKLIN TOWER WAIVED ITS INSURER'S RIGHTS TO PURSUE SUBROGATED CLAIMS AGAINST UNIT OWNERS IS IRRELEVANT ............................................. 3

CONCLUSION ..................................................................................................... 3

i

## INTRODUCTION

Franklin Tower Condominium ("Franklin Tower") respectfully requests that this Court award summary judgment in its favor based upon subrogation waiver clauses in the Condominium By-Laws and Condominium Offering Plan ("Franklin Tower Documents" or "Documents") that were binding upon Plaintiff American Insurance Company's ("American") insureds, Mariah Carey ("Carey") and Sinclair C.S. Beecham ("Beecham"). For all the reasons set forth in Franklin Tower's Memorandum in Support of its Summary Judgment motion, and all the reasons discussed herein, Franklin Tower's motion for summary judgment should be granted in its entirety.

## LEGAL ARGUMENT

**POINT I: THE FRANKLIN TOWER BY-LAWS AND CONDOMINIUM OFFERING PLAN CONTAIN UNAMBIGUOUS AND ENFORCEABLE SUBROGATION WAIVERS**

The subrogation waivers at issue in this case clearly express an intent on the part of the Unit Owners to waive their insurer's rights to sue the Franklin Tower for subrogated claims. Plaintiffs' analysis of *Sutton Hill Associates v. Landes*, 775 F. Supp. 682 (S.D.N.Y.) is incorrect and in fact, that decision supports Franklin Tower's position. In *Sutton Hill Associates*, the Court refused to apply a subrogation waiver, much like the one at issue in the present case, to bar a suit between a landlord and a tenant. Plaintiffs' reliance on the case is misplaced because in fact, the Court suggests that <u>had the suit against the tenant been brought by the insurer for the landlord, it would have been barred due to the subrogation waiver</u>. The Court stated

> Although the Court rejects Tenants' claim that the waiver of subrogation clause bars suits between [the Landlord] and Tenants, the Court does find that the cases generally allow a potentially liable party to shift the risk of loss for which it is responsible to an insurer, and that assignment of the burden of loss exempts the alleged wrongdoer from liability.

*Sutton Hill Associates v. Landes*, 775 F. Supp. 682, at 690.

The subrogation waiver clause at issue in Sutton Hill Associates is much like the subrogation waiver in the Franklin Tower By-Laws and Condominium Offering Plan. While not outright barring suits between the landlord and the tenant, the lease barred these parties' insurers from suing the parties pursuant to subrogation:

> All policies of insurance to be obtained by Landlord and Tenant shall . . . also provide for waivers of subrogation against Landlord and Tenant . . ."

*Sutton Hill Associates v. Landes*, 775 F. Supp. 682, at 690.

Contrary to Plaintiffs' argument that the subrogation waivers in the Franklin Tower By-Laws and Condominium Offering plan are ambiguous or do not have the effect of waiving their subrogation claims, the *Sutton Hill Associates* court deemed a very similar clause in that lease to be an effective subrogation waiver. See *Agostinelli et al. v. Stein, et al.*, 17 A.D.3d 982, 794 N.Y.S. 2d 759 (4th Dep't 2005) [the by-laws at issue contained a subrogation waiver that was very similar to the Franklin Tower subrogation waiver].

In the Franklin Tower Documents, rather than outright barring suits between the Franklin Tower and the Unit Owners, the Documents provide, unambiguously, that if a Unit Owner obtains insurance for his own benefit, that it shall contain waivers of subrogation, having the effect of barring suits by a Unit Owner's insurer against the Franklin Tower. Rather than barring suits between the Unit Owners themselves and the Franklin Tower, the By-Laws and Condominium Offering Plan unambiguously provide that the Franklin Tower will not insure machinery, appliances, fixtures, furniture, furnishings or other personal property within Units (see for example, By-Laws, Section 3, Paragraph 14) and that the Franklin Tower will not be

2

responsible for the repair of these same items in Units in the event of fire or other casualty (see for example, By-Laws, Section 3, Paragraph 15).

In the case at bar, the subrogation waivers bar the suit against Franklin Tower because the plaintiff is an insurance company pursuing a subrogated recovery. Had this been a suit between the Unit Owners and the Franklin Tower, then Franklin Tower could not rely upon the subrogation waivers and it would be in the position of solely relying on the fact that the By-Laws and Offering Plan absolve the Franklin Tower of having to pay for damage to Unit Owners contents, which also serve to bar American's claims.

**POINT II:   WHETHER THE FRANKLIN TOWER WAIVED ITS INSURER'S RIGHTS TO PURSUE SUBROGATED CLAIMS AGAINST UNIT OWNERS IS IRRELEVANT.**

Plaintiffs argue that the Documents are ambiguous as to whether the Franklin Tower waived its insurer's subrogation rights and that the Franklin Tower insurance policy has not been annexed as an Exhibit in this motion. In fact, the argument has no bearing upon the issue before this Court. Franklin Tower's insurer's rights are not relevant to this Court's enforcement of the subrogation waivers that Carey and Beecham signed. Plaintiffs do not even provide an explanation as to why Franklin Tower's obligations would impact upon the issue before the Court and they do not cite case law in support of the contention.

## CONCLUSION

For all of the foregoing reasons, Franklin Tower respectfully requests that the court in all respects grant its motion for summary judgment and that it issue a corresponding Order which declares that, on account of the subrogation waivers in the Franklin Tower Documents, American s claim is barred and may not be asserted against Franklin Tower.

3

WHEREFORE, defendant, Franklin Tower, respectfully requests that the court grant summary judgment in its favor based upon the subrogation waivers, together with such other and further relief as the court deems just and proper.

Dated:  New York, New York
        July 21, 2008

Respectfully submitted,

By: _____
Jared T. Greisman